# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID PHILLIPS-KERLEY,** <br><br> Plaintiff <br><br> v. <br><br> **CITY OF FRESNO, et al.,** <br><br> Defendants | **CASE NO. 1:18-CV-438 AWI BAM** <br><br> **ORDER ON DEFENDANTS' MOTION TO DISMISS; MOTION FOR A MORE DEFINITE STATEMENT; AND MOTION TO STRIKE** <br><br> (Doc. No. 16) |

David Phillips-Kerley ("Plaintiff") has alleged twenty-one claims against the City of Fresno and various employees of the City's Fire Department ("Defendants"), arising from alleged harassing, discriminatory, and retaliatory conduct over an eight-year span. Doc. No. 13.

Defendants now move for dismissal of most of Plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim. Doc. No. 16. Defendants also request the Court either strike portions of the complaint or order a more definite statement. Id.

For the reasons that follow, the Court will grant in part and deny in part Defendants' Motion to Dismiss, grant Defendants' Motion for a More Definite Statement, and deny Defendants' Motion to Strike as moot. Plaintiff will be granted leave to amend his complaint. The Court instructs the parties to consider the reasoning of this Order as applied to the Second Amended Complaint.

For purposes of comprehension, the Court will first discuss the motion for a more definite statement (Section I), then resolve Defendants' motion to dismiss (Section II).[1]

## I. Defendants' Motion for a More Definite Statement

*Procedural Background*

Plaintiff filed his complaint on March 28, 2018, pressing twenty-one causes of action

---

[1] Though the Rule 12(e) motion will be granted, the Court will examine the substance of some of Defendants' arguments from their motion to dismiss, to provide the parties with guidance prior to any further amendment of the pleadings.

against the Fresno Fire Department (as his employer), twenty-three named employees of the fire department, and ten "Doe" employees. See Doc. No. 1. Defendants moved for dismissal, contending among other things that the Fresno City Charter only grants Plaintiff power to sue the City itself, not the Fire Department. See Doc. No. 10. In mid-June, the parties informed the Court of their agreement to allow Plaintiff to amend his complaint, stipulating "Plaintiff has prepared a First Amended Complaint ["1AC"] which attempts to cure the defects raised in the [dismissal] motion." Doc. No. 12.

Plaintiff filed his 1AC. Doc. No. 13. Other than a few minor alterations for grammar, syntax, and word choice, the 1AC appears to be identical to his original Complaint. The major substantive changes are as follows:

- Plaintiff deleted the words "Fire Department" from the caption and from par. 2;
- Plaintiff altered his fifth and ninth causes of action to exclude the City from these claims (Doc. No. 13, at p. 32, 35);
- Plaintiff changed the header in his sixth cause of action to add the City as a Defendant (Doc. No. 13, at p. 33).

Compare Doc. No. 1 and 13. Even though the "Fire Department" is no longer named as a party to this action, Plaintiff continues to allege his claims against "Defendant Fire Department" throughout his 1AC. See id.

Defendants' filed the instant motion to dismiss, pressing eighteen separate arguments. Doc. No. 16. In response, Plaintiff concedes that twelve of his twenty-one causes of action are duplicative, barred by the statute of limitations, or legally baseless; he also concedes dismissal of his prayer for punitive damages. Doc. No. 19, at p. 3. Claims seven and eight also appear to be identical. Doc. No. 13 p. 33-35. Stripped down, then, the 1AC is left with eight claims:

- Causes of action I, II, and III, under Title VII;
- Causes of action IV and VI, under the Fair Employment and Housing Act ("FEHA");
- Cause of action VII, under the Cal. Labor Code;
- Cause of action XVI, under the Cal. Firefighter's Bill of Rights; and
- Cause of action XXI, under a Fresno City Administrative Order.

Despite Plaintiff's concessions as to his claims, the 1AC is also left with a 92-paragraph statement of facts. Doc. No. 13 ¶¶ 33-125. Based on this and other issues, Defendants have moved for a more definite statement, which Plaintiff formally opposes.

2

*Analysis*

Prior to filing a responsive pleading, a party may move for a more definite statement of a pleading if it "is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e).[2] The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail. Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1169 (E. D. Cal. 2005). Motions pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]" Sagan v. Apple Computer, Inc., 874 F.Supp. 1072, 1077 (C.D. Cal. 1994).

Plaintiff's complaint does not lack detail. The factual allegations plainly state the events, dates, and participants surrounding his claims, and these individual paragraphs do not themselves make the 1AC unintelligible. See Neveu, 392 F.Supp.2d at 1169; see also Starr v. Baca, 652 F.3d 1202, 1212 (9th Cir. 2011) ("[A] complaint is required only to give the notice of the claim such that the opposing party may defend himself or herself effectively."); Abikar v. Bristol Bay Native Corp., 300 F. Supp. 3d 1092, 1106 (S.D. Cal. 2018) (denying motion for more definite statement where complaint made harassment claim clear, alleged sufficient factual basis, and explicitly named responsible supervisors).

Overall, though, the 1AC is left in a terrible state that may leave Defendants "unable to adequately frame a responsive pleading." See Rule 12(e). Now that Plaintiff has conceded that nearly two-thirds of his claims and his prayer for punitive damages are not cognizable, and that that incidents prior to December 2015 are time-barred for his Title VII claims, it is highly likely that Plaintiff's statement of facts contains numerous orphaned allegations irrelevant to his case. Additionally, many of these remaining causes of action specifically incorporate prior paragraphs that do not appear to line up with Plaintiff's intended citations. See Doc. No. 13 at p. 33, "¶ 3" (referencing "paragraphs 113 to 118 (Discrimination), 122 to 154 (Retaliation), and 157 to 165 (Harassment)," which do not appear to be paragraphs specifically tied to discrimination, retaliation, or harassment[3]). Further, though Plaintiff changed the caption to read "City of

---

[2] Citations to the "Rules" are to the Federal Rules of Civil Procedure (2018), unless otherwise noted.

[3] It is possible Plaintiff intends to reference ¶¶ 127-186, the first three Title VII claims for discrimination, retaliation, and harassment, but the Court cannot say for certain. This ambiguity will leave Defendants unable to adequately respond to the 1AC.

3

Fresno", he still continues to assert his claims against "Defendant Fire Department. See Wangler v. Hawaiian Elec. Co., 742 F. Supp. 1458, 1464 (D. Haw. 1990) (granting the defendants' motion for a more definite statement where employee's complaint against former co-worker was unclear as to whether co-worker was included in employee's state law claims as well as in Title VII claim). The lack of a plain statement has been found to be actionable under Rule 12(e). See McHenry v. Renne, 84 F.3d 1172, 1175 (9th Cir. 1996) (stating confusing and unclear complaints "impose unfair burdens on litigants and judges."); see also Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (affirming Rule 12(e) grant where each claim incorporated by reference segments of the complaint that did not match with the allegations); McLaughlin v. Castro, 2018 WL 1726630, at *4 (E.D. Cal. Apr. 10, 2018) ("Shotgun pleadings . . . are unacceptable.").

Further, the Court notes that some of Plaintiff's causes of action may face other obvious legal barriers unaddressed by Defendants. The Ninth Circuit has consistently held that non-employer individuals cannot be held personally liable under Title VII. See Holly D. v. Cal. Institute of Technology, 339 F.3d 1158, 1179 (9th Cir. 2003) ("We have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees."); Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir. 1995) (same). Similarly, only the employer is liable for discrimination or retaliation under FEHA, and so the Court questions Plaintiff's incorporation of discrimination and retaliation paragraphs against "All Defendants". See Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158, 1173 (Cal. 2008) ("[N]on-employer individuals are not personally liable for their role in that retaliation"); Reno v. Baird, 18 Cal.4th 640, 644 (Cal. 1998) ("FEHA [] prohibits only 'an employer' from engaging in improper discrimination."). Whistleblower protections under Cal. Labor Code. § 1102.5(B) are also based upon an employer/employee relationship. See Vierria v. Cal. Highway Patrol, 644 F.Supp.2d 1219, (E.D. Cal. 2009); Lloyd v. Cnty. of Los Angeles 172 Cal. App. 4th 320, 330 (2009).

Simply, to allow the parties to proceed on the 1AC would be to invite a danger that Defendants may not be able to adequately answer Plaintiff's allegations, and may needlessly complicate this litigation down the road. Though Plaintiff formally opposes Defendants' Rule

12(e) motion, he also states he is aware he must strip allegations from the complaint—mainly because he is abandoning nearly two-thirds of his claims just a few months after filing the 1AC. See Doc. No. 19 at p. 3. The Court takes Plaintiff's awareness and concessions as an implicit admission that a more definite statement is required. Thus, the court will grant Defendants' Motion for a More Definite Statement, and allow Plaintiff to amend. Rule 12(e); Starr, 652 F.3d at 1212; McHenry, 84 F.3d at 1175; see also Anderson., 77 F.3d at 366.

Upon amendment, Plaintiff should endeavor to eliminate any orphaned factual allegations, consider which parties he intends to sue, be clear as to which claims correspond with which parties, and make sure any incorporations in the 2AC reference the proper paragraphs. As to Plaintiff's concessions that multiple claims and prayers for relief are legally baseless, he is reminded that pleadings are "representations to the court" that require a reasonable and competent inquiry into the factual and legal bases *prior to filing*. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 409, 110 S. Ct. 2447, 2463, 110 L. Ed. 2d 359 (1990) (Stevens, J., concurring) ("[A] litigant who wastes judicial resources by filing a pleading that is not well grounded in fact and warranted by existing law or a good-faith argument for its extension, modification, or reversal" risks sanctions, including terminating sanctions).

**II.     Defendants' Motion to Dismiss**

Plaintiff has conceded that nearly two-thirds of his claims are not legally cognizable. Defendants also argue the following should be dismissed under Rule 12:

(A) Cause of Action IV (FEHA Hostile Work Environment), concerning any events that occurred more than a year prior to Plaintiff's Department of Fair Employment and Housing ("DFEH") complaint, due to FEHA's administrative-exhaustion requirement;
(B) Causes of Action III, IV, and VI (Harassment under Title VII, Hostile Work Environment under FEHA, and Failure to Prevent Harassment under FEHA), due to Plaintiff's failure to allege conduct tied to his membership in a protected class;
(C) Cause of Action VII (Retaliation under Cal. Labor Code § 1102.5(B)), which "fails [because] it is duplicative of his Title VII retaliation claim."

*Factual Background[4]*

Plaintiff is an African-American employee of the Fresno City Fire Department and a

---

[4] These facts derive from the 1AC, and are construed in the light most favorable to Plaintiff, the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). Rather than provide a full account of the events alleged, the Court concentrates here on those events relevant to its disposition in Section II.

5

certified firefighter. Doc. No. 13 at ¶¶ 33-35. In September of 2010, Plaintiff was interrogated by Fire Captains Mike Gill and Ronald Caldwell, his supervisors at the time, who indicated "they were looking for a reason to discipline Plaintiff." Id. at ¶¶ 40-41. Gill and Caldwell refused to allow Plaintiff any Union representation at the meeting, despite his rights under the California Firefighter's Bill of Rights. Id. Plaintiff complained to Fire Chief Randy Bruegman about this encounter, and was told he should "move forward with caution." Id. at ¶ 42.

From there, Plaintiff's 1AC details a series of escalating actions undertaken by various individual Defendants, rooted in Plaintiff's perceived violation of "the unwritten policy that firefighters do not tell on one another . . . without dire consequences." Doc. No. 19 at p. 11. Between 2010 and 2017, Plaintiff alleges he pursued multiple grievances against his superiors, and each time was met with further resistance from his co-workers, his superiors, and the City. Doc. No. 13 at ¶¶ 42-112. The 1AC concludes with details of events that occurred from June 2017 forward, alleging certain Defendants interfered with Plaintiff's application for transfer to a different fire house, Defendant City failed to investigate his prior grievances, and the supervisory Defendants imposed a week-long suspension as a part of the alleged retaliatory scheme. Id. at ¶¶ 113-123. In February 2018, Plaintiff states he was "forced to obtain a right-to-sue notice in order to obtain some remedy [given the] years of deliberate sanction or negligent inaction" by Defendants. Id. at ¶ 125.

**(A) Events that occurred more than a year prior to Plaintiff's filing of his DFEH Complaint are sufficiently connected to the events within the year.**

*Legal Standard*

A motion to dismiss for lack of subject-matter jurisdiction questions whether the plaintiff has a right to be in federal court. Rule 12(b)(1); <u>Trustees of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA. Inc.</u>, 572 F.3d 771, 775 (9th Cir. 2009).

Under California law, the requirement of exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. <u>Johnson v. City of Loma Linda</u>, 24 Cal.4th 61, 70, 99 Cal.Rptr.2d 316, 5 P.3d 874 (2000); <u>see</u> <u>also</u> <u>Doe v. Regents of the Univ. of California</u>, 891 F.3d 1147, 1155 (9th Cir. 2018). Thus, a claim for failure to exhaust administrative remedies

6

under FEHA falls under Rule 12(b)(1). See Garcia v. Los Banos Unified Sch. Dist., 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006).

*Analysis*

To bring a civil action under FEHA, a plaintiff must first file an administrative complaint with DFEH no later than one year after the violation occurred. Cal. Gov. Code §12960; Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1127 (9th Cir. 2008). However, this statute of limitations may be equitably tolled under California law if the older events are "sufficiently connected to unlawful conduct within the limitations period[.]" Richards v. CH2M Hill, Inc., 29 P.3d 175, 176 (2001). To show a continuing violation, a plaintiff must establish that the allegedly unlawful conduct occurring outside the limitations period (1) was sufficiently similar in kind to the alleged conduct within the limitations period; (2) occurred with reasonable frequency; and (3) has not acquired a degree of permanence. Fahnestock v. Waggoner, 674 F. App'x 708, 710 (9th Cir. 2017) (citing Richards, 29 P.3d at 190). Permanence means that "an employer's statements and actions make clear to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment will be futile." Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1059 n. 19 (2005); Richards, 26 Cal.4th at 175. FEHA provisions are to be "liberally construed for the accomplishment of the purposes thereof, including the resolution of potentially meritorious claims on the merits." Id.; see also Garcia, 418 F. Supp. 2d at 1214 (finding a continuing violation for FEHA-exhaustion purposes where events outside of the one-year period were "reasonably understood as the root of the retaliation of which [the plaintiff] complained[.]").

Here, Plaintiff's allegations sufficiently qualify as a continuing violation for purposes of FEHA exhaustion. The 1AC alleges a string of incidents that appear to stem from Plaintiff's 2010 complaint regarding his supervisor's refusal to allow him a Union representative during a disciplinary action. Doc. No. 13 at ¶¶ 40-41. From there, Plaintiff's 1AC details a series of escalating actions undertaken by various individual Defendants, rooted in Plaintiff's perceived violation of "the unwritten policy that firefighters do not tell on one another . . . without dire consequences." Doc. No. 19 at p. 11. Between 2010 and 2017, Plaintiff alleges he pursued

7

multiple grievances against his superiors, and each time was met with further resistance from his co-workers, his superiors, and the City. Doc. No. 13 at ¶¶ 42-112. The 1AC concludes with details of events that occurred from July 2017 forward, alleging certain Defendants interfered with Plaintiff's application for transfer to a different fire house, Defendant City failed to investigate his prior grievances, and the supervisory Defendants imposed a week-long suspension as a part of the alleged retaliatory scheme. Id. at ¶¶ 113-123. The 1AC sufficiently alleges conduct of a continuous nature that occurred with reasonable frequency, thus meeting the first two prongs of the Richards' test. 29 P.3d at 190. Further, the Defendants' conduct had not "acquired a degree of permanence," such that Plaintiff should have been aware his conciliation efforts would have been futile. Yanowitz, 36 Cal.4th at 1059. Plaintiff alleges he pursued multiple grievances about his superiors' and co-workers' conduct, but the city did not finalize any punishment or dismiss the grievances until late 2017. Id.; Garcia, 418 F. Supp. 2d at 1214.

Therefore, should Plaintiff wish to resubmit his FEHA claim in the Second Amended Complaint (see Section II(B) below), these claims would not be barred by the one-year statute of limitations imposed by § 12960. Fahnestock, 674 F. App'x at 710; Richards, 29 P.3d at 190.

**(B) Plaintiff's claims for Harassment under Title VII, Hostile Work Environment claim under FEHA, and Failure to Prevent Harassment under FEHA, fail because he has not alleged conduct tied to his membership in a protected class.**

*Legal Standard*

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). All well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Mollett, 795 F.3d at 1065. The Ninth Circuit has distilled the following

principles to apply to Rule 12(b)(6) motions:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.
> Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made," unless amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

*Analysis*

Title VII provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e–2(a)(1).[5] Similarly, FEHA makes it unlawful for an employer to harass an employee because of race. Cal. Gov. Code § 12940(j)(1). FEHA imposes personal liability on any harassing employee. § 12940(j)(3). FEHA also creates a cause of action against an employer for failing to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." § 12940(k). At the root of each of these causes of action is the fact that any harassment a plaintiff is subjected to must have occurred "because of his race." Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003); Kortan v. State of Cal., 5 F. Supp. 2d 843, 850 (C.D. Cal. 1998) ("[H]arassment must come because of the plaintiff's protected characteristic."); Kirton v. Summit Med. Ctr., 982 F. Supp. 1381, 1389–90 (N.D. Cal. 1997) ("The public policy underlying section 12940 is to prohibit harassment and discrimination in employment on the basis of any protected classification.").

---

[5] In the 1AC, Plaintiff's third cause of action cites to § 2000e-3 for the basis of his harassment claim, but this is in error. The Court assumes Plaintiff intended § 2000e-2, which provides the statutory basis for such claims. § 2000e-3 concerns, in Plaintiff's context, retaliation claims, which he alleges as his second cause of action. While a simple error in statutory citation would be a minor issue, it further illuminates the confused nature of the 1AC, and is another reason why the Court granted Defendants' motion for a more definite statement. See Section I, above.

Here, Plaintiff identifies himself as African-American. Doc. No. 13 at ¶ 34. However, after scouring the 1AC, the Court finds no allegation that Defendants acted as they did *because* of Plaintiff's race. See id. In fact, as Plaintiff argues in his opposition to Defendants' motion to dismiss, the core of Plaintiff's complaints appear to stem from alleged retaliatory actions. See Doc. No. 19 at p. 11, ¶¶10-12 ("[T]his matter [stems] from his original whistleblowing act of reporting to Fire Chief Randy Bruegman regarding Battalion Chief Caldwell's refusal to allow Plaintiff a Union representative during an unwarranted disciplinary action."). Plaintiff states that Defendants' subsequent acts "were all a part of a connected pattern of retaliation for Plaintiff's whistleblower act." Id. at ¶¶ 13-14. While this conduct may form the basis for a claim under 42 U.S.C. §2000e-3 for retaliation, it lacks the necessary allegation that Defendants acted *because of Plaintiff's race* for a claim under § 2000e-2 or § 12940(j). Thus, causes of action three and four must be dismissed.[6] Vasquez, 349 F.3d at 642. Further, since Plaintiff's sixth cause of action is premised on a "failure to prevent harassment" under §12940(k), it too must be dismissed.[7] See Escriba v. Foster Poultry Farms, 793 F.Supp.2d 1147 (E.D. Cal. 2011) (dismissing §12940(k) cause of action where the plaintiff failed to allege an underlying FEHA claim).

**(C) Plaintiff may simultaneously allege retaliation under Title VII and state law**

Defendants argue, without the benefit of any citation to precedent, that since "Plaintiff's claim mirrors his Title VII claim for retaliation . . . the claim is unnecessary as the elements are the same." Defendants conclude this is reason enough to dismiss Plaintiff's claim under § 1102.5(B).

The Court finds no support for this argument. Litigants often bring multiple claims based on the same conduct, and Defendants present no reason why the case should be different in the retaliation context. In fact, the Ninth Circuit has specifically allowed retaliation claims under Title VII and § 1102.5(B) to be brought together. See Waisgerber v. City of Los Angeles, 406 F. App'x

---

[6] As to Plaintiff's first cause of action for "Discrimination" under § 2000e-2, which Defendants do not challenge, the Court will simply say this: claims under §2000e-2 must be based on a protected characteristic. Vasquez, 349 F.3d at 642. If Plaintiff intended to allege that Defendants acted against Plaintiff because of his race in any discrimination or harassment claims, and has a factual basis for doing so under Rule 11, he must explicitly say so.

[7] §12940(k) may be premised on claims of discrimination, harassment or retaliation. See Andrade v. Arby's Restaurant Group, Inc., 225 F.Supp.3d 1115 (N.D. Cal. 2016). If Plaintiff intends to base his §12940(k) claim on a different set of alleged conduct, he should be clear about saying so in his 2AC.

150, 152 (9th Cir. 2010) ("It is possible Waisgerber can amend her complaint to allege [claims] under Title VII or FEHA. For the same reason, an amendment could save her claim under California Labor Code § 1102.5, which protects employees from retaliatory termination."); see also Fleming v. Purcell Painting & Coating Sw., Inc., 2014 WL 7409467 at *14 (E.D. Cal. Dec. 30, 2014) (finding "section 1102.5(B) mirrors the Title VII analysis," and allowing plaintiff to plead retaliation claim under both statutes); Devlyn v. Lassen Mun. Util. Dist., 737 F. Supp. 2d 1116 (E.D. Cal. 2010) (finding employee's allegations were sufficient to state retaliation claims under Title VII, FEHA, and § 1102.5(B)). As the Court advised Plaintiff above, Defendants are reminded that Rule 11 governs motions as well as pleadings—each requires a reasonable and competent inquiry into the legal basis prior to filing. See Cooter, 496 U.S. at 409.

Thus, upon amendment, Plaintiff may allege his retaliation claim under both 42 U.S.C. § 2000e-3 and § 1102.5(B).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (Doc. No. 16) is GRANTED IN PART and DENIED IN PART;
2. Defendants' Motion for a More Definite Statement (Doc. No. 16) is GRANTED;
3. Defendants' Motion to Strike (Doc. No. 16) is DENIED as moot;
4. Plaintiff is granted 14 days from the date of service of this Order to file a Second Amended Complaint; and
5. The remainder of this case is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   October 18, 2018

SENIOR DISTRICT JUDGE