UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILLIPS-KERLEY, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF FRESNO, et al., <br><br> Defendants. | No. 1:18-cv-00438 AWI-BAM <br><br> **ORDER GRANTING IN PART AND DENYING IN PART REQUEST TO FILE DOCUMENTS UNDER SEAL** <br> (Doc. 30) |

Currently before the Court is the request of Steve Whitworth, counsel for Plaintiff David Phillips-Kerley, pursuant to Local Rule 141, to file under seal the following documents: (1) Notice and Motion of Steve Whitworth to Withdraw as Attorney of Record for Plaintiff; (2) Counsel's supporting declaration; (3) the Request to Seal Documents with its proposed order; and (4) any response filed by Plaintiff to the motion to withdraw. (Doc. No. 30). No timely opposition to the request has been filed pursuant to Local Rule 141. For the reasons that follow, Counsel's request for filing under seal is granted in part and denied in part.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597

1

& n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." Id. at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted). Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive discovery type motions. Kamakana, 447 F.3d at 1179; see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010). The "good cause" standard, which is applicable here, presents a lower burden for the party wishing to seal documents. Pintos, 605 F.3d at 678. Courts determine whether good cause exists to protect the information from being disclosed to the public by "balancing the needs for discovery against the need for confidentiality." Id. (quoting Phillips, 307 F.3d at 1213).

Counsel contends that there is good cause to seal the documents at issue because "the Declaration of Steve Whitworth in support of the Motion to Withdraw as Counsel contains communications between the attorney and his client" and "it is requested that any information that is revealed which constitutes communications between the client and his attorney be under seal and not be available to the opposing party." (Doc. No. 30 at 2).

Having considered the documents at issue, which contain confidential communications between counsel and his client, and in the absence of any objection, the Court concludes that counsel has sufficiently shown good cause for filing the documents under seal. However, the Court will require counsel to file a copy of the Notice and Motion of Steve Whitworth to Withdraw as Attorney of Record for Plaintiff on the docket **with all confidential information redacted**. The supporting declaration will be filed under seal.

Accordingly, good cause being shown, Counsel's request to seal is HEREBY GRANTED IN PART AND DENIED IN PART as follows:

1. Counsel's request to file the Notice and Motion of Steve Whitworth to Withdraw as Attorney of Record for Plaintiff is granted in part and denied in part. The notice and motion shall

be filed under seal.  However, within ten (10) days from the date of this order, counsel shall file on the docket <u>only</u> the Notice and Motion of Steve Whitworth to Withdraw as Attorney of Record for Plaintiff **with all confidential information redacted.**

    2.    Counsel's request to file the remaining documents under seal is granted.  The Court orders that the following unredacted materials be filed and maintained under seal:  (a) Notice and Motion of Steve Whitworth to Withdraw as Attorney of Record for Plaintiff; (b) Declaration of Steve Whitworth in Support of Motion to Withdraw as Attorney of Record for Plaintiff; (c) Request to Seal Documents and Proposed Order; and (d) any response to the motion submitted by Plaintiff;

    3.    Counsel shall comply with Local Rule 141 regarding disposition of documents for sealing.

IT IS SO ORDERED.

Dated:   **December 6, 2018**          /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE