UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILLIPS-KERLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF FRESNO FIRE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00438-AWI-BAM<br><br>**ORDER GRANTING MOTION OF STEVE WHITWORTH TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFF**<br><br>(Doc. 34) |

Pending before the Court is the unopposed motion of Steve Whitworth to withdraw as attorney of record for Plaintiff David Phillips-Kerley. (Doc. 34.) The matter was heard on January 18, 2019, before United States Magistrate Judge Barbara A. McAuliffe. David Phillips-Kerley and counsel Steve Whitworth appeared by telephone. Joseph Rubin appeared in person on behalf of Defendant City of Fresno.

Having considered the moving papers, along with the Court's file and sealed records, the motion to withdraw as counsel will be granted.

## **BACKGROUND**

On March 28, 2018, Plaintiff David Phillips-Kerley, proceeding through counsel Steve Whitworth and the Law Office of Steve Whitworth, initiated this employment discrimination and retaliation action against the City of Fresno Fire Department and various employees of the City's Fire Department. (Doc. 1.)

On May 15, 2018, the City of Fresno filed a motion to dismiss the complaint. (Doc. 10.) Prior to resolution of the motion, the parties filed a stipulation to grant Plaintiff leave to file a First Amended

1

Complaint. (Doc. 14.) The Court granted the stipulation and denied the motion to dismiss as moot. (Doc. 14.)

On June 18, 2018, Plaintiff filed his First Amended Complaint, which alleged twenty-one claims against the City of Fresno and employees of the City's Fire Department. (Doc. 13.) On July 6, 2018, the City of Fresno filed a motion to dismiss the amended complaint, for a more definite statement and to strike portions of the complaint. (Doc. 16.) Plaintiff opposed the motion, but conceded that twelve of his twenty-one causes of action were duplicative, barred by the statute of limitations, or legally baseless. He also conceded dismissal of his prayer for punitive damages. (Doc. 19 at 3.) In light of Plaintiff's concession, the Court determined that the First Amended Complaint included only eight claims:

- Causes of action I, II, and III, under Title VII;
- Causes of action IV and VI, under the Fair Employment and Housing Act ("FEHA");
- Cause of action VII, under the Cal. Labor Code;
- Cause of action XVI, under the Cal. Firefighter's Bill of Rights; and
- Cause of action XXI, under a Fresno City Administrative Order.

(Doc. 24 at 2.)

On October 19, 2018, the Court granted in part and denied in part the City of Fresno's motion to dismiss, finding that Plaintiff's claims for harassment under Title VII, hostile work environment under FEHA, and failure to prevent harassment under FEHA should be dismissed. (Id. at 10.) The Court denied the motion to strike as moot, (Id. at 11), but granted the motion for a more definite statement, and allowed Plaintiff 14 days from the date of service of the order to file a Second Amended Complaint (Id. at 5).

On November 7, 2018, Plaintiff, without the assistance of counsel and in a personal capacity, submitted a motion for a 31-day extension of time to file a Second Amended Complaint. (Doc. 25.) On November 15, 2018, the Court struck the motion from the record because Plaintiff continued to be represented by counsel, but the motion was not signed or submitted for filing by counsel. (Doc. 27.)

On November 27, 2018, Plaintiff's counsel, Steve Whitworth, filed a Notice of Request to Seal Documents and applied for an order permitting him to file under seal his motion to withdraw as attorney of record and supporting declaration. (Doc. 30.) The Court granted in part and denied in part the request

1 to file documents under seal, allowing the motion to withdraw and supporting documents, along with any response by Plaintiff, to be filed under seal, but also requiring counsel to file the motion to withdraw as attorney of record on the docket with all confidential information redacted. (Doc. 31 at 2-3.)

On December 17, 2018, counsel filed the instant motion to withdraw as attorney of record. (Doc. 34.) No opposition has been submitted under seal or otherwise filed with the Court.

## DISCUSSION

### A. Motion to Withdraw[1]

Counsel moves under former California Rule of Professional Conduct 3-700, now Rule 1.16, for withdrawal. California Rules of Professional Conduct, Rule 1.16 (effective November 1, 2018). Specifically, counsel asserts that there is good cause for his permissive withdrawal under former Rule 3-700(C)(1)(d), now Rule 1.16(b)(4), because there has been an irremediable breakdown in communication between himself and Plaintiff such that the attorney-client relationship is no longer viable. In fact, Plaintiff has filed a pro-se document declaring his intent to secure new counsel. See Doc. 25 (stricken from record). Counsel also asserts that, pursuant to former Rule 3-700(C)(6), now Rule 1.16(b)(10), there are additional grounds supporting good cause for withdrawal. The Court has reviewed those grounds as set forth in the sealed portion of the motion to withdraw and the sealed supporting declaration of Mr. Whitworth.

### B. Legal Standard

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall

---

[1] Although redacted from the Motion to Withdraw, the Court finds that the professional rules of conduct supporting counsel's motion to withdraw are not confidential. The rules do not reveal the substance or nature of communications between the client and his counsel.

3

| | |
|---|---|
| 1 | continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit. |
| 2 | |

L.R. 182(d); see also Thomas v. Experian Info. Sols., Inc., No. 2:13-cv-02674-MCE-CKD, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, *1 (E.D. Cal. 2009) (finding that the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively." California Rules of Professional Conduct, Rule 1.16(b)(4). The Rules also allow for permissive withdrawal where "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Rule 1.16(b)(10). As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. Thomas 2014 WL 7359180, at *1; Canandaiqua, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." Canandaiqua, 2009 WL 89141 at *1. "In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy. Id. at *2 (citation omitted).

**C.     Analysis**

In this case, the Court finds that the conduct of Plaintiff, such as his notification to the Court that he is seeking new counsel (Doc. 25), renders it unreasonably difficult for Mr. Whitworth and the Law Office of Steve Whitworth to carry out its employment effectively.  The Court also finds that Mr. Whitworth and the Law Office of Steve Whitworth have demonstrated good cause for permissive withdrawal as attorney of record for Plaintiff.  Given the procedural posture of this case, withdrawal will not result in prejudice to the other litigants, nor will it cause harm to the administration of justice

4

| | |
|---|---|
| 1 | and or unduly delay the resolution of the case.  Further, and as indicated at the hearing, neither Mr. |
| 2 | David Phillips-Kerley nor defense counsel object to the motion to withdraw as counsel.  Accordingly, |
| 3 | the motion to withdraw shall be granted, and David Phillips-Kerley will be substituted in propria persona |
| 4 | in place and stead of Steve Whitworth and the Law Office of Steve Whitworth.  The Court will grant |
| 5 | Plaintiff David Phillips-Kerley a brief extension of time to secure counsel. |

**CONCLUSION AND ORDER**

For the reasons stated, the Court HEREBY ORDERS as follows:

1. Steve Whitworth's motion to withdraw as attorney of record for Plaintiff David Phillips-Kerley is GRANTED;

2. David Phillips-Kerley is substituted *in propria persona* in place and stead of Steve Whitworth and the Law Office of Steve Whitworth;

3. The Scheduling Conference currently set for February 14, 2019, is CONTINUED to **April 2, 2019, at 9:00 AM in Courtroom 8 (BAM) before the undersigned**;

4. The Court SETS a STATUS CONFERENCE for **February 13, 2019, at 8:30 AM in Courtroom 8(BAM) before the undersigned**.  The purpose of the conference will be to address the following:  (1) whether Mr. David Phillips-Kerley has secured new counsel or intends to represent himself in propria persona; and (2) the deadline for filing a Second Amended Complaint; and

5. The Clerk of the Court is directed to update the docket with the contact information of David Phillips-Kerley at his last known address:

> David Phillips-Kerley
> 5512 E. Heaton Ave.
> Fresno, CA 93727
> 559-908-0814
> 4172.dep@gmail.com

IT IS SO ORDERED.

Dated: **January 18, 2019**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE