# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID PHILLIPS-KERLEY,** | **CASE NO. 1:18-CV-00438-AWI-BAM** |
| **Plaintiff,** | |
| **v.** | **ORDER ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; FOR MORE DEFINITE STATEMENT; AND TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT** |
| **CITY OF FRESNO, et al.,** | |
| **Defendants.** | |
| | (Doc. No. 50) |

## INTRODUCTION

David Phillips-Kerley brings nine causes of action against the City of Fresno in his Second Amended Complaint ("2AC"), arising from harassment, retaliation and other forms of wrongdoing that he allegedly experienced over a span of several years as a firefighter with the City of Fresno Fire Department ("Fresno Fire Department"). Doc. No. 47.

The City of Fresno now moves for dismissal of three of the causes of action in the 2AC. Doc. No. 50-1. The City of Fresno also moves the Court to strike portions of the 2AC and to order a more definite statement. Id.

For the reasons that follow, the Court will grant the motion to dismiss, grant the motion for a more definite statement, and deny the motion to strike as moot. Plaintiff will be afforded one opportunity to amend certain claims. The Court instructs counsel for Phillips-Kerley to give due consideration to the findings in this Order in any amended pleading.

## **FACTUAL BACKGROUND**

Phillips-Kerley has been employed by the Fresno Fire Department since 2004. Doc. No. 47 ¶¶ 10-12. In August 2010, as he was preparing to go off-duty, Phillips-Kerley asked a co-worker to remove his towels from the dryer when they were done and left a post-it note on the dryer to notify others that the towels belonged to him. Id. ¶16. When Phillips-Kerley returned to work the following week, he found "post-it notes left for him everywhere with messages placed throughout the kitchen." Id. Phillips-Kerley reported the incident to Captain Ron Caldwell, but Caldwell dismissed the incident as a "joke" and refused to investigate. Id. ¶¶ 17, 99. Shortly thereafter, in September 2010, Caldwell and Phillips-Kerley's supervisor, Captain Mike Gill, subjected Phillips-Kerley to questioning without allowing Phillips-Kerley representation or giving him "notice of the subject of their investigation." Id. ¶ l7. Phillips-Kerley, for his part, "notified … Gill and Caldwell," in the course of these interactions, that "he opposed their disparate treatment of [him] based on his prior opposition to their discriminatory and unlawful practices." Id. ¶ 99. The day after he was questioned by Gill and Caldwell, Phillips-Kerley met with Chief Bruegman "to report that Gill and Caldwell had investigated him without following the proper procedures" and Bruegman "advised [Phillips-Kerley] that he should 'move forward with caution.'" Id. ¶ 18.

Bruegman resigned in October 2010, and the day after his resignation, Battallion Chief Charles Tobias "questioned [Phillips-Kerley] about his report to Chief Bruegman." Doc. No. 47 ¶ 20. Tobias told Phillips-Kerley that "someone 'did that to him once and they regretted it.'" Id. Phillips-Kerley "understood this comment to be a threat of retaliation" and requested a transfer "in order to avoid harassment by" Gill, Caldwell and Tobias. Id. ¶¶ 20-21. In the course of the ensuing years, Phillips-Kerley was subjected to various forms of retaliation on multiple occasions, including unwarranted disciplinary action.

## **PROCEDURAL BACKGROUND**

Phillips-Kerley filed this action on March 28, 2018. Doc. No. 1. The original Complaint alleged 21 causes of action under federal law, state statutes and common law against the Fresno Fire Department and more than 20 individual defendants. Id.

On May 15, 2018, the City of Fresno filed a motion to dismiss, a motion for a more

definite statement and motion to strike portions of the Complaint. Doc. No. 10. Shortly thereafter, the Court issued an order, based on a stipulation between Phillips-Kerley and the City of Fresno, granting Phillips-Kerley leave to file a First Amended Complaint ("1AC") "attempt[ing] to cure the defects raised in [the City of Fresno's] motion." Doc. No. 14. The 1AC, as filed on June 18, 2018, alleged 21 causes of action against the City of Fresno (in place of the Fresno Fire Department) and more than 20 individual defendants. Doc. No. 13. On July 6, 2019, the City of Fresno filed a motion under Rule 12 of the Federal Rules of Civil Procedures as to the 1AC. Doc. No. 16. As relevant here, the City of Fresno sought dismissal of all six of Phillips-Kerley's causes of action under the Firefighter's Procedural Bill of Rights Act (the "FPBORA"), Cal. Gov. Code §§ 3250-3262, for being duplicative, failing to state a claim and violating the applicable statute of limitations. Id. at 3:7-4:5.

In opposing the City of Fresno's motion, Phillips-Kerley conceded that many of his causes of action were duplicative, barred by the statute of limitations, or legally baseless, in addition to conceding dismissal of his prayer for punitive damages. Doc. No. 19, p. 3 of 17, lines 5-18. Specifically, Phillips-Kerley acknowledged "that the statutes of limitations had expired on his tenth, eleventh, thirteenth and fourteenth causes of action" (under Sections 3253(e)(1), 3253(i), 3254(b) and 3255 of the California Government Code, respectively) and stated that he would voluntarily dismiss those claims with prejudice. Id., p. 3 of 17, lines 5-10. Further, Phillips-Kerley conceded that "the twelfth and fifteenth causes of action [under Sections 3254(a) and 3256.5(b) of the California Government Code, respectively] [were] duplicative of the sixteenth cause of action" and agreed to "dismiss the twelfth and fifteenth causes of action with prejudice and seek remedy for [those] claims under the sixteenth cause of action." Id., p. 3 of 17, lines 8-10. The sixteenth cause of action was under Section 3260 of the California Government Code, which broadly provides a cause of action and a full complement of remedies for violations of "rights and protections guaranteed by" the FPBORA. See Cal. Gov. Code § 3260.

On October 19, 2018, the Court granted in part and denied in part the City of Fresno's motion to dismiss, granted the City of Fresno's motion for a more definite statement and denied, as moot, the City of Fresno's motion to strike as to the 1AC. Doc. No. 24. In doing so, the Court

3

granted Phillips-Kerley leave to amend but "instruct[ed] the parties to consider the reasoning of [the] Order as applied to the Second Amended Complaint" in filing an amended pleading. Doc. No. 24 at 1:20-21. Specifically, the Court stated:

> Now that [Phillips-Kerley] has conceded that nearly two-thirds of his claims and his prayer for punitive damages are not cognizable, and that incidents prior to December 2015 are time-barred for his Title VII claims, it is highly likely that [Phillips-Kerley's] statement of facts contains numerous orphaned allegations irrelevant to this case.

Id. at 3:17-20.

Moreover, the Court noted that several causes of action incorporated irrelevant paragraphs from the fact section of the 1AC, id. at 3:21-22, and expressly directed Phillips-Kerley to "make sure any incorporations in the 2AC reference the proper paragraphs." Id. at 5:7-9. Finally, the Court relied on Phillips-Kerley's representation that he had elected not to pursue certain claims and, thus, did not address such claims (including claims under the FPBORA) in deciding the City of Fresno's motion to dismiss as to the 1AC. Id. at 5:18-25.

On June 18, 2018, Phillips-Kerley filed the 2AC, in which he eliminated some causes of action completely; fashioned an omnibus FPBORA cause of action under Section 3260 of the California Government Code (the Seventh Cause of Action); identified the City of Fresno as the defendant for his cause of action under Administrative Order 2-16 of the City of Fresno (the Eighth Cause of Action); and added a claim for violation of procedural due process under 42 U.S.C. § 1983 (the Ninth Cause of Action). Doc. No. 47. The City of Fresno now brings a motion to dismiss the Seventh, Eighth and Ninth Causes of Action, as well as a motion for "a more definite statement of the claims" and a motion to strike/dismiss "[a]ll claims of FPBORA violations that took place prior to March 28, 2015" and "[a]ll claims of due process violations prior to March 28, 2016." Doc. No. 50.

For ease of comprehension, the Court will first decide the City of Fresno's motion to dismiss, and then address the City of Fresno's motion for a more definite statement and motion to strike.

### DEFENDANT'S MOTION TO DISMISS

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir.2015).

To avoid a Rule 12(b)(6) dismissal for a lack of facts, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); Mollett, 795 F.3d at 1065. All well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir.2013). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir.2010).

The Ninth Circuit has distilled the following principles for motions under Rule 12(b)(6):

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir.2014) (citation omitted).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (ellipses omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892–93 (9th Cir.2010) (alterations in original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir.2016).

The Court addresses arguments as to the Seventh, Eighth and Ninth Cause of Action in turn.

## I. SEVENTH CAUSE OF ACTION: DENIAL OF RIGHTS IN VIOLATION OF SECTION 3260 OF THE CALIFORNIA GOVERNMENT CODE

The Seventh Cause of Action, which is brought under Section 3260 of the California Government Code, "re-alleges and incorporates" essentially every allegation in the 2AC and further states:

> Each instance of conduct alleged above in this Complaint constitutes a denial of Plaintiff's rights under the [FPBORA] including the denial of Plaintiff's right to have representation at disciplinary meetings and the improprieties and illegalities of Plaintiff's many disciplines.

Doc. No. 47 ¶¶ 149-151.

The City of Fresno contends that the Seventh Cause of Action should be dismissed in its entirety because Phillips-Kerley has failed to allege facts sufficient to show a violation of any rights under the FPBORA and because Phillips-Kerley is improperly attempting to resuscitate causes of action as to certain FPBORA provisions that he voluntarily dismissed with prejudice in his opposition to the City of Fresno's motion to dismiss the 1AC. Doc. No. 50-1, Part III.B.1. Further, the City of Fresno argues that Phillips-Kerley failed to plead compliance with (or exemption from) the Government Tort Claims Act ("Claims Act") and that the Seventh Cause of Action is barred, at least in part, by the applicable statute of limitations. Id., Part III.B.2.

Phillips-Kerley, for his part, contends that the City of Fresno's assertion that he voluntarily dismissed his FPBORA claims is "disingenuous." Doc. No. 53, Part II.B.i. Specifically, he argues that, in opposing the City of Fresno's motion to dismiss the 1AC, he expressly reserved the right to bring an omnibus cause of action under the FPBORA in the 2AC (replicating the Sixteenth Cause of Action in the 1AC) and stated that he would dismiss the Tenth through Fifteenth Causes of Action in the 1AC (addressing specific rights under the FPBORA) to streamline his pleading. Id. Further, he states that his allegation that he "has met all procedural requirements for filing this Complaint" satisfies pleading requirements as to the Claims Act, but that he is willing to amend the 2AC "to allege how he has substantially complied" with the Claims Act if the Court deems it

necessary. Id., Part III.B.iii. Finally, Phillips-Kerley does not dispute that claims under the

FPBORA are subject to a three-year statute of limitations but argues that he has set forth

numerous incidents "[d]uring the three years prior to the filing of the Complaint, from March 28,

2015, to March 28, 2018," evidencing "numerous violations" of the FPBORA including Section

3254, subdivision (a), of the California Government Code; Section 3254, subdivision (d), of the

California Government Code; and Section 3253, subdivision (i), of the California Government

Code. Id., Part III.B.ii.

### a.  Voluntary Dismissal of Claims

Phillips-Kerley's opposition to the City of Fresno's motion to dismiss the 1AC states that

Phillips-Kerley "will dimiss" claims under Sections 3253(e)(1), 3253(i), 3254(b) and 3255 of the

California Government Code with prejudice and gives no indication that he would continue

prosecuting such claims. Doc. No. 19 ¶ 4. Further, Phillips-Kerley states that he would replead

claims pleaded under Section 3254, subdivision (a), and Section 3256.5, subdivision (b), as claims

under Section 3260. Id. ¶ 5. The Court accepted those representations and, thus, did not

substantively address the FPBORA claims in deciding the City of Fresno's motion. Doc. No. 24 at

5:18-19. The resulting Order, however, does not itself dismiss any FPBORA claims or otherwise

limit the pleading of FPBORA claims in the 2AC. See id. Moreover, the City of Fresno makes no

effort to show prejudice from the repleading of the FPBORA claims and provides no authority

showing that the statements in Phillips-Kerley's opposition are alone sufficient to effect dismissal

with prejudice of the FPBORA claims at issue. The Court, therefore, declines to dismiss any

portion of the Seventh Cause of Action on the basis of statements made as to the dismissal of

FPBORA claims in Phillips-Kerley's opposition to the City of Fresno's motion to dismiss the

1AC.

### b.  Government Tort Claims Act

Under the Government Tort Claims Act, no suit for "money or damages" may be brought

against a public entity until a written claim has been presented to the public entity and the claim

either has been acted upon or is deemed to have been rejected. Cal. Gov. Code, §§ 905, 945.4. A

suit for "money or damages" includes all actions where the plaintiff is seeking monetary relief,

regardless whether the action is founded in "tort, contract or some other theory." <u>Baines Pickwick Ltd. v. City of Los Angeles</u>, 72 Cal.App.4th 298, 307 (1999) (internal quotation marks, italics and citation omitted).

Depending on the type of claim, the claim must be filed or presented to the public entity no later than six months or one year after the cause of action accrues. Cal. Gov. Code § 911.2, subd. (a). The timely presentation of a claim is a precondition to bringing suit. <u>Rubenstein v. Doe No. 1</u>, 3 Cal. 5th 903, 906 (2017), as modified on denial of reh'g (Nov. 1, 2017); <u>see</u> <u>Mangold v. California Pub. Utilities Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir.1995). "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to [dismissal] for not stating facts sufficient to constitute a cause of action." <u>Pringle v. Cardall</u>, 2019 WL 330854, at *4 (E.D.Cal. Jan. 14, 2019) (quoting <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal.4th 201, 209 (2007)).

The City of Fresno contends that Phillips-Kerley's FPBORA claim is subject to dismissal for the threshold reason that he is seeking money damages against the City, but has not alleged compliance with the Claims Act. Doc. No. 50-1, Part III.B.2. Phillips-Kerley, for his part, argues that the allegation that he "has met all procedural requirements for filing [the] Complaint" satisfies the pleading requirement as to the Claims Act and that, in any event, the Claims Act does not apply because Section 3260, subdivision (b), of the California Government Code provides that the California Superior Court "shall have initial jurisdiction" over "any proceeding" under the FPBORA. Doc. No. 53, Part II.B.iii.

The conclusory allegation, however, that Phillips-Kerley "has met all procedural requirements for filing [the] Complaint" does not constitute the required allegation of facts as to compliance with—or exemption from—the Claims Act. <u>See</u> <u>Pringle</u>, 2019 WL 330854 at *4. And, in deciding a case involving the Public Safety Officer's Procedural Bill of Rights Act ("PSOPBORA"), which the FPBORA "mirror[s],"[1] the California Court of Appeals squarely found that a provision vesting "initial jurisdiction" in the California Superior Court relieved the plaintiff peace officer "from the requirement that he or she exhaust administrative remedies" but

---

[1] <u>See</u> <u>Corley v. San Bernardino Cty. Fire Prot. Dist.</u>, 21 Cal.App.5th 390, 399 (2018).

did "not relieve the officer from the requirement of presenting a claim in conformity with the []

Claims Act where the officer [sought] money or damages as a remedy." See Lozada v. City & Cty.

of San Francisco, 145 Cal.App.4th 1139, 1156 (2006).

Phillips-Kerley provides no argument as to why the findings as to the PSOPBORA in

*Lozada* are not applicable here. [2] The Court therefore finds that Phillips-Kerley has failed to satisfy

his obligations under the Claims Act with respect to his FPBORA claim and the City of Fresno's

motion to dismiss is GRANTED as to the Seventh Cause of Action. See Pringle, 2019 WL 330854

at *4. Since this pleading defect could potentially be cured, the motion is granted WITH LEAVE

TO AMEND. Lopez, 203 F.3d at 1127. In anticipation of the possibility that Phillips-Kerley will

amend his FPBORA claims, the Court addresses the City of Fresno's other arguments as to

dismissal below.

### c. Statute of Limitations

The City of Fresno contends that claims for penalties under the FPBORA are subject to a

one-year statute of limitations, pursuant to Section 340 of the California Code of Civil Procedure,

and that all other claims under the FPBORA are subject to a three-year statute of limitations,

pursuant to Section 338, subdivision (a), of the California Code of Civil Procedure. Doc. No. 50-1,

Part III.B.2.

Phillips-Kerley does not dispute those contentions and, in fact, conceded in his opposition

to the City of Fresno's motion to dismiss the 1AC that the "statutes of limitations ha[d] expired"

on his claims under Sections 3253(e)(1), 3253(i), 3254(b) and 3255 of the California Government

Code. Doc. No. 19, p. 3 of 17, ¶ 4. Similarly, Phillips-Kerley focuses specifically on events that

took place "[d]uring the three years prior to the filing of the Complaint" in attempting to show that

the 2AC states a cause of action under the FPBORA. Doc. No. 53, Part II.B.ii.

The Court agrees with the City of Fresno's undisputed assertions as to the statutes of

limitations that apply to claims under the FPBORA. See Cal. Code Civ. Pro. § 338, subd. (a)

---

[2] Compare Cal. Gov. Code § 3309.5, subd. (c) ("The superior court shall have initial jurisdiction over any proceeding brought by a public safety officer against any public safety department for alleged violations of [the PSOPBRA].") to Cal. Gov. Code § 3260, subd. (b) ("The superior court shall have initial jurisdiction over any proceeding brought by any firefighter against any employing department or licensing or certifying agency for alleged violations of [the FPBORA].")

(providing a three-year statute of limitations for an "action upon a liability created by statute, other than a penalty or forfeiture"); id. § 340 (providing a one-year statute of limitations for an "action upon a statute for a penalty"). The analysis below is framed accordingly, and events prior to March 28, 2015 are considered only to the extent that they inform a determination as to whether events that took place within the three-year period prior to the filing of this action could constitute FPBORA violations (assuming Phillips-Kerley can satisfy his pleading obligations as to the Claims Act).

### d. Failure to Allege Elements of a FPBORA Claim

The Statement of Facts in the 2AC comprises nearly 80 paragraphs setting forth, in chronological order, a series of events relating to Phillips-Kerley's employment with the Fresno Fire Department that allegedly unfolded between 2004 and 2017. Doc. No. 47, Statement of Facts. All of these paragraphs, without exception, are incorporated by reference in the Seventh Cause of Action, and Phillips-Kerley asserts that "[e]ach instance of conduct" alleged therein "constitutes a denial of [his] rights under the [FPBORA]." Id. ¶ 151.

The City of Fresno argues that this approach to pleading is improperly abstruse and that Phillips-Kerley has failed to state a viable claim under the FPBORA because the 2AC does not tie any of Phillips-Kerley's myriad allegations (many of which involve his own conduct) to any of the rights afforded by the FPBORA. Doc. No. 50-1 at 6:23-28. Phillips-Kerley, for his part, contends that allegations in the 2AC relating to disciplinary actions that took place between March 28, 2015 and March 28, 2018 "describe violations of various sections of the [FPBORA]," including Section 3254, subdivision (a), which bars punitive action for the exercise of rights under the FPBORA or "any existing grievance administrative procedure"; Section 3254, subdivision (d), which bars punitive action based on any investigation that takes more than a year to complete; and Section 3253, subdivision (i), which provides a right of representation in connection with interrogations that may lead to punitive action.

### i. Section 3254, Subdivision (a), of the California Government Code

Section 3254, subdivision (a), of the California Government Code provides: "A firefighter shall not be subjected to punitive action, or denied promotion, or be threatened with that treatment,

10

because of the lawful exercise of the rights granted under this chapter, or the exercise of any rights under any existing administrative grievance procedure." Cal. Gov. Code § 3254, subd. (a). And Section 3251 defines "punitive action" broadly, as "any action that may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment." Id. § 3251.

The 2AC contains numerous allegations regarding activity that could be construed as a "lawful exercise of the rights" granted under the FPBORA or an exercise of rights under an "existing administrative grievance procedure." Phillips-Kerley alleges, for example, that: on June 24, 2015, he submitted a written response to the 10-shift suspension in a March 4, 2015 Intent to Suspend and "reported that he was being subjected to threats, harassment, retaliation and discrimination," id. ¶ 47; on October 16, 2015, he appealed an October 1, 2015 Order of Suspension, id. ¶ 51; on November 6, 2015, he filed a "grievance" for violations of the FPBORA for the reissuing of two charges dropped from the October 1, 2015 Order of Suspension, id. ¶ 54; on July 20, 2016, he filed a Complaint of Discrimination with the Equal Employment Opportunity Commission, id. ¶ 59; in September 2016, he "filed grievances for violations of [the FPBORA] and City Policy," id. ¶ 61; on September 30, 2016, he "filed complaints claiming retaliation and a hostile work environment," id. ¶ 63; in October 2016, he "filed additional grievances for violations of [the FPBORA] and City Policy," id. ¶ 64; on December 15, 2016, he reported retaliation and a hostile work environment, id. ¶ 68; on December 22, 2016, he again reported that he was being subjected to a hostile work environment, id. ¶ 70; on January 19, 2017, he "filed another complaint of being in a hostile work environment," id. ¶ 73; on January 25, 2017, he "filed a grievance" over a disciplinary Letter of Understanding, id. ¶ 75; on March 15, 2017, he "filed a formal complaint" regarding retaliation and discrimination, id. ¶ 77; and on July 14, 2017, he met with a human resources staff regarding his complaint that "someone had spit in his juice bottle." Id. ¶ 86.

Similarly, the 2AC contains numerous allegations of what could constitute "punitive action" against Phillips-Kerley (under the broad definition of "punitive action" in the FPBORA) in the three-year period prior to the filing of this action, including, for example, allegations as to

events involving a fine imposed on September 1, 2015, Doc. No. 47 ¶ 50; an Order of Suspension issued on October 1, 2015 for a 2-shift suspension, id. ¶ 51; two Letters of Understanding issued on October 18, 2015, id. ¶ 53; a Letter of Understanding issued on January 4, 2017 in connection with training goals, id. ¶ 71; a Letter of Understanding issued on April 28, 2017 for driving, id. ¶ 80; an Intent to Suspend in May 2017 recommending an 8-shift suspension, id. ¶ 81; and an Order of Suspension on August 15, 2017. Id. ¶ 87.

The challenge in the context of Section 3254, subdivision (a), is to find allegations connecting an alleged exercise of protected rights as to grievances and such to one or more alleged punitive actions (or threats of punitive action) in the three-year period prior to the filing of this lawsuit. The recitation of the Seventh Cause of Action is unhelpful in that respect, but the 2AC does allege elsewhere that: "[o]n or about August 15, 2017, Fire Chief Donis and Fire Marshal Donald MacAlpine issued an Order of Suspension" for, *inter alia*, Phillips-Kerley's reports of a hostile work environment. Doc. No. 47 ¶ 87; see also, id. ¶ 114 (stating that in August 2017, the Fresno Fire Department "retaliated against [Phillips-Kerley] because of his hostile work environment complaint by issuing [Phillips-Kerley] an 8-shift suspension"). Doc. No. 47 ¶ 114. Similarly, the 2AC alleges that "[o]n or about October of 2015, [Phillips-Kerley] was issued a 2-Shift suspension" in retaliation for activity that involved "submitting a written response to the proposed suspension in which [Phillips-Kerley] reported that he was being subjected to threats, harassment, retaliation and discrimination." Id. ¶¶ 47, 105. The 2AC further alleges that Phillips-Kerley was subjected to "unwarranted disciplinary action" in June 2015 and November 2015 for exercising rights in the hearing and appeals context. Id. ¶¶ 106-107. The 2AC also alleges that in September 2016, Fresno Fire Department personnel retaliated against Phillips-Kerley by refusing to "confirm whether or not [he] was required to complete 10 training per week" and that Phillips-Kerley was later subjected to disciplinary action in connection with training requirements. Id. ¶¶ 62, 71, 111. And finally, the 2AC alleges that Phillips-Kerley received an 8-shift suspension because he filed a "hostile work environment complaint." Id. ¶ 114.

The Court finds that, accepted as true and construed in the light most favorable to Phillips-Kerley, these allegations state a plausible claim that Phillips-Kerley was subjected to "punitive

action" (or threats of "punitive action")—as the term "punitive action" is defined in the FPBORA—for exercising grievance rights that are protected under the FPBORA. See Faulkner, 706 F.3d at 1019. Further, while the 2AC is by no means a model of clarity, the Court finds that the foregoing allegations provide fair notice to the City of Fresno as to Phillips-Kerley's FPBORA claim under Section 3254, subdivision (a), such that the City of Fresno can properly prepare a defense. See Levitt, 765 F.3d at 1135.

### ii.  Section 3254, Subdivision (d), of the California Government Code

Subdivision (d) of Section 3254 of the California Government Code provides, in pertinent part:

> Punitive action or denial of promotion on grounds other than merit shall not be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of discovery by the employing fire department or licensing or certifying agency.

The opposition specifically asserts that the 2AC states a cause of action under Section 3254, subdivision (d), see Doc. No. 53 at 6:26-7:2, but the Court finds no allegations as to punitive action based on incomplete or untimely investigations in the 2AC during the relevant time period.

### iii.  Section 3253, Subdivision (i), of the California Government Code

Section 3253, subdivision (i), of the California Government Code provides, in pertinent part:

> Upon the filing of a formal written statement of charges, or whenever an interrogation focuses on matters that may result in punitive action against any firefighter, that firefighter, at his or her request, shall have the right to be represented by a representative of his or her choice who may be present at all times during the interrogation.

Phillips-Kerley asserts in the opposition that the allegations in the 2AC show that Section 3253, subdivision (i), was violated, but provides no explanation as to how it was violated. Reviewing the 2AC, the Court sees no allegation that Phillips-Kerley was actually denied representation during an interrogation in the three years prior to the filing of this action, and Phillips-Kerley points to no such allegation in the opposition.

### iv.  Other Provisions of the FPBORA

The FPBORA provides a number of other rights in addition to those discussed above.  See

13

Cal. Gov. Code §§ 3250-3262. While Phillips-Kerley makes no express allegations or argument as to the violation of such rights, the opposition leaves open the possibility that such violations occurred.

Several sections of the FPBORA—such as the sections pertaining to political activity rights, lie detector test rights, personal property disclosure rights and locker search rights, see Cal. Gov. Code §§ 3252, 3257-3259—plainly have nothing to do with this action as currently pleaded, and upon thorough review of the 2AC, the Court finds that the allegations in the 2AC are insufficient to show a violation of FPBORA rights set forth in seemingly more relevant sections relating to interrogations, personnel files and such. The 2AC alleges, for example, that Phillips-Kerley was "interviewed … as part of [an] investigation" on March 17, 2017, but that interview had to do with an investigation of Phillips-Kerley's complaints—not of Phillips-Kerley himself—and, in any event, there are no allegations of improprieties or irregularities in connection with said interview. See Doc. No. 47 ¶ 78; Cal. Gov. Code § 3253. And to the extent the various Letters of Understanding, Intents to Suspend and Orders of Suspension issued to Phillips-Kerley in the three year period prior to the filing of this lawsuit somehow constitute the entry of "adverse comment[s]" in his personnel file, there are no allegations that Phillips-Kerley was denied proper notice or the opportunity to furnish written responses. See Cal. Gov. Code §§ 3255, 3256.

### e.  Conclusion

The City of Fresno's motion to dismiss is GRANTED as to the Seventh Cause of Action on the grounds that Phillips-Kerley has failed to satisfy the requirements of the Claims Act. Further, the Court finds that Phillips-Kerley has otherwise alleged facts sufficient to state a claim under Section 3254, subdivision (a), of the California Government Code, but that, wholly aside from his failure to comply with the Claims Act, Phillips-Kerley has not alleged facts sufficient to state a claim under any other provision of the FPBORA.

Because the pleading defects as to the FPBORA claims could potentially be cured, the Court will grant LEAVE TO AMEND as to the Seventh Cause of Action, but agrees with the City of Fresno that purporting to state a cause of action based on all of the facts alleged in a complaint without so much as identifying the statutory rights at issue is at odds with basic principles of

14

notice pleading—particularly where, as here, the pleading at issue is lengthy and the statute in question provides a large number of potential claims. Thus, to the extent Phillips-Kerley elects to amend his cause of action under the FPBORA, he is advised to clearly identify each of the FPBORA provisions on which he is suing, as well as the facts showing a violation of each such provision. The Court will not repeat the considerable effort it has made in this instance to ascertain whether a FPBORA claim is stated somewhere in the 2AC by sifting through Phillips-Kerley's numerous allegations (many of which could not possibly relate to a FPBORA violation) and attempting to match them against the many disparate provisions of the FPBORA. Similarly, Phillips-Kerley is advised to set forth facts—as opposed to mere conclusions—in any amendments relating to compliance with (or exemption from) the Claims Act.

## II.    EIGHTH CAUSE OF ACTION: ADMINISTRATIVE ORDER 2-16

Part II.C. of the Administrative Order 2-16 of the City of Fresno provides that complaints relating to discrimination, harassment, hostile work environment or retaliation shall be "investigated promptly" and that "[r]efusal to investigate, or intentional delay in investigating, is a violation of th[e] policy." [3] See Doc. No. 50-2, Ex. A. Phillips-Kerley alleges, in his Eighth Cause of Action, that this policy was violated because his June 24, 2015 report that he "was being subject to threats, harassment, retaliation and discrimination" was not investigated.  Doc. No. 47 ¶ 156.

The City of Fresno argues that this claim (the "Administrative Order claim") should be dismissed because: (i) there is no private right of action under the Administrative Order; (ii) Phillips-Kerley has failed to allege compliance with the Claims Act; and (iii) it is duplicative of Phillips-Kerley's Eighth Cause of Action for failure to prevent harassment under Section 12940, subdivision (k), of the Fair Employment and Housing Act ("FEHA"). The opposition does not address any of these arguments but contends that the City of Fresno is precluded from seeking

[3] The City of Fresno requests that the Court take judicial notice of Administrative Order 2-16 of the City of Fresno, as well as Sections 3-280 to 3-286 of the Fresno Municipal Code. See Doc. No. 50-2. A court may "take judicial notice of matters of public record outside the pleadings" on a motion to dismiss. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986). Further, a fact may be subject to judicial notice if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Court, therefore, GRANTS the City of Fresno's request for judicial notice as to Administrative Order 2-16. Cf. Tollis, Inc. v. Cty. of San Diego, 505 F.3d 935, 938 n.1 (9th Cir.2007) ("Municipal ordinances are proper subjects for judicial notice."). The City of Fresno's request for judicial notice is otherwise DENIED as moot.

dismissal of this claim on this motion because the City of Fresno did not attack it when it first appeared in the 1AC.

Phillips-Kerley's assertion that the City of Fresno has waived its right to challenge the Administrative Order claim—which is made without citation to authority—appears to be based on Rule 12(g)(2) of the Federal Rules of Civil Procedure, which states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed.R.Civ.P. 12(g)(2). Even under a strict application of Rule 12(g)(2), however, this argument fails because, as the City of Fresno notes, the 2AC is the first time the Administrative Order claim was alleged against the City of Fresno. In the 1AC, it was alleged only against Kerri Donis (who never appeared in and has since been dismissed from this action). Doc. No. 13 at 44:16-18. Thus, the claim is not "unchanged" from the 1AC, see Doc. No. 53 at 3:2-4, and this was the first opportunity the City of Fresno had to attack the Administrative Order claim under Rule 12. Cf. Baiul v. NBC Sports, a Division of NBCUniversal Media, LLC, 732 F. App'x 529, 531 (9th Cir.2018), as amended (June 13, 2018) (finding that motion for judgment on the pleading did not violate Fed.R. Civ.P. 12(g)(2) because defense at issue was not available at time of prior motion).

Furthermore, the Court agrees with the City of Fresno that Administrative Order 2-16 does not provide Phillips-Kerley with a private cause of action. As an initial matter, Administrative Order 2-16 appears to be nothing more than a "policy" developed by City of Fresno's Department of Personnel Services, issued in 2003, revised in 2019 and "approved" by some unspecified individual. The Court has found no case in which such a policy has been construed to create a cause of action and sees no basis for doing so here.

Moreover, even assuming Administrative Order 2-16 could somehow rise to the level of a statute or ordinance capable of conveying a private right of action, it does not provide a cause of action in express terms and cannot be read to imply one. In Mabry v. Superior Court, 185 Cal.App.4th 208 (2010), the California Court of Appeals held that an implied private right of action is unnecessary when other means of enforcement are available. Id. at 218. Here, the City of

Fresno correctly points out that Phillips-Kerley could seek redress for the alleged failure to investigate his complaint under Section 12940, subdivision (k), of the California Government Code, which makes it unlawful for an employer to "fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." See <u>Alaniz v. Robert M. Peppercorn, M.D., Inc.</u>, 2007 WL 1299804, at *8 (E.D.Cal. May 3, 2007) ("Numerous [] California courts have recognized a separate cause of action against an employer for failure to investigate or take reasonable steps to prevent harassment or discrimination under section 12940(k).")

In addition, the Court notes that Administrative Order 2-16 focuses primarily on regulating the conduct of the City of Fresno as an employer (as opposed to enumerating the rights of employees), <u>see</u> <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286-87, 289 (2001) ("Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons.") (citation and internal quotation marks omitted), and contains express provisions (including, for example, Part I.E.) on how failure to comply with the City of Fresno's policy with respect to discrimination, harassment and such is to be addressed. <u>See</u> <u>Transamerica Mortgage Advisors, Inc. v. Lewis</u>, 444 U.S. 11, 19 (1979) (stating that it is "an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it"); <u>Mendez v. Rancho Valencia Resort Partners, LLC</u>, 3 Cal.App.5th 248, 268 (2016) (finding no private right of action where a local ordinance "specifically provide[d] for enforcement by public officials").

The Court, therefore, finds that Administrative Order 2-16 does not provide a private cause of action. As such, the City of Fresno's motion to dismiss is GRANTED as to the Eighth Cause of Action. Further, the Court finds that dismissal WITH PREJUDICE is warranted since the lack of a private cause of action under Administrative Order 2-16 cannot be cured. <u>See</u> <u>Mollett</u>, 795 F.3d at 1065. In light of these findings, it is unnecessary for the Court to address the City of Fresno's other arguments as to Administrative Order 2-16.

III.     **NINTH CAUSE OF ACTION: PROCEDURAL DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983**

The Ninth Cause of Action alleges that the City of Fresno violated Phillips-Kerley's

"procedural due process rights" under the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983. See Doc. No. 47 ¶¶ 159-163.

The City of Fresno contends that the Ninth Cause of Action must be dismissed because Phillips-Kerley has failed to allege sufficient facts as to the essential elements of a claim for due process violations under 42 U.S.C. § 1983. Doc. No. 50-1 at 12:1-7. Further, the City of Fresno argues that Phillips-Kerley has failed to satisfy his obligation to show that a "municipal policy or custom caused his injury," id., Part III.D.2., and that, regardless, any claims under 43 U.S.C. § 1983 that accrued prior to March 28, 2016 are barred by the two-year statute of limitations in Section 335.1 of the California Code of Civil Procedure. Id., Part III.D.3.

Phillips-Kerley, for his part, appears to concede that the Ninth Cause of Action is subject to a two-year statute of limitations, Doc. No. 53 at 10:22-25, but argues that he has alleged facts showing that he was improperly "deprived of pay" without "a fair adjudicatory process" in the two-year period prior to the commencement of this action. Id. at 8:8-10:17.

The Court considers the parties' arguments as to the Ninth Cause of Action below.

### a. Statute of Limitations

"Because § 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims." Johnson v. State of Cal., 207 F.3d 650, 653 (9th Cir.2000) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985)). Further, the Supreme Court has held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249–50 (1989). California's residual statute of limitations for personal injury actions is Section 335.1 of the California Code of Civil Procedure, "since [that] section contains an express 'catchall' provision, covering any 'injury to or ... death of one caused by the wrongful act or neglect of another.'" Thompson v. City of Shasta Lake, 314 F.Supp.2d 1017, 1024 (E.D.Cal. 2004) (quoting McDougal v. Cnty. of Imperial, 942 F.2d 668, 672 (1991) (internal citations omitted)); see Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir.2004) (stating that Section 335.1 of the California Code of Civil Procedure provides the "relevant statute of limitations" for claims under 42 U.S.C. § 1983 brought in California).

Therefore, the Court agrees with the City of Fresno's assertion, which Phillips-Kerley does not dispute, that the Ninth Cause of Action is subject to a two-year statute of limitations and evaluates the allegations set forth in the 2AC accordingly.

### b. Failure to Allege Essential Elements of 42 U.S.C. § 1983 Claim

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that states shall not "deprive any person of life, liberty, or property without due process of law," U.S. Const. amend. XIV § 1, and 42 U.S.C. § 1983 creates a civil cause of action where any person, acting under color of state law, subjects another "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; see Zinermon v. Burch, 494 U.S. 113, 125 (1990).

To state a claim for violation of procedural due process under 42 U.S.C. § 1983, as Phillips-Kerley purports to do in this action, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections" as to that deprivation. Tutor–Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1061 (9th Cir.2006) (citing Brewster v. Board of Educ. of Lynwood Unified School Dist., 149 F.3d 971, 982 (9th Cir.1998)). In addition, "[a] procedural due process claim is not cognizable under Section 1983 'when a state's post-deprivation remedies are adequate to protect a victim's procedural due process rights.'" Vierria v. California Highway Patrol, 644 F.Supp.2d 1219, 1242 (E.D.Cal. 2009) (quoting Wood v. Ostrander, 879 F.2d 583, 588 (9th Cir.1989)).

### i. Deprivation of Constitutionally Protected Property Interest

"A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent source such as state law,'" Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 62 (9th Cir.1994) (quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)), but not all rights "automatically give rise to a property interest protected by the Due Process Clause." Portman v. Cnty. of Santa Clara, 995 F.2d 899, 905 (1993). Courts have found that "a 'permanent employee,' dismissible only for cause, has 'a property interest in his continued employment which is protected by due process,'" Dorr v. Butte Cty., 795 F.2d 875, 876 (9th

Cir.1986) (quoting <u>Skelly v. State Personnel Board</u>, 15 Cal.3d 194, 207–08 (1975)), and that suspension *without* pay can implicate constitutionally protected property interests as to such employees.[4] Courts have also found, however, that suspension *with* pay does not implicate a constitutionally protected property interest, even as to "permanent" employees.[5]

The gravamen of Phillips-Kerley's claim under 42 U.S.C. § 1983 is that Phillips-Kerley "has a property interest in his position and pay received therefrom," Doc. No. 53 at 8:8-11, and that he was "deprived of pay" without adequate procedural protections or recourse. Doc. No. 47 ¶ 161. The 2AC, however, does not contain factual allegations sufficient to show that Phillips-Kerley is a "permanent" employee with a cognizable property interest in his employment, and in any event, the Court sees no factual allegations in the Statement of Facts, in the recitation of the Ninth Cause of Action, or anywhere else in the 2AC showing that Phillips-Kerley was deprived of pay. Phillips-Kerley makes numerous allegations as to Intents to Suspend, Orders of Suspension and such, but the 2AC is conspicuously devoid of allegations that suspensions were actually imposed—and that they were imposed without pay—in the two-year period prior to the filing of this action. <u>See</u>, <u>e.g.</u> Doc. No. 47 ¶¶ 60, 65, 79 (allegations as to the "2-shift suspension"); <u>id.</u> ¶¶ 81, 84 (allegations as to the "8-shift suspension").

The Court therefore finds that the 2AC fails to allege deprivation of a constitutionally protected interest and that dismissal of the Ninth Cause of Action is warranted on that basis. <u>See</u> <u>Tutor–Saliba Corp.</u>, 452 F.3d at 1061.

---

[4] <u>See</u>, <u>e.g.</u>, <u>Bailey v. Kirk</u>, 777 F.2d 567, 575 (10th Cir.1985) (finding suspensions at issue "implicated a property interest entitled to due process safeguards in light of cases which hold that temporary suspensions without pay…impinge on protected property interests"); <u>Hardiman v. Jefferson County Board of Education</u>, 709 F.2d 635, 637 n.1 (11th Cir.1983) (plaintiff's property interest in employment as a tenured teacher would be implicated by a suspension without pay absent an "extraordinary situation"); <u>Louise B. v. Coluatti</u>, 606 F.2d 392, 401-02 (3d Cir.1979) (assuming that plaintiffs had a property interest in public employment, it would be impinged by summary suspensions without pay); <u>Muscare v. Quinn</u>, 520 F.2d 1212, 1215 (7th Cir.1975) (plaintiff's suspension for 29 days without pay implicated a protected property interest), cert. dismissed as improvidently granted, 425 U.S. 560 (1976) (per curiam).

[5] <u>See</u> <u>Vosburgh v. Burnt Hills - Balston Lake Cent. Sch. Dist.</u>, 2019 WL 315054, *7 (N.D.N.Y. Jan. 24, 2019) (noting that courts in the Second Circuit "have universally held that the suspension of an employee with pay does not deprive that employee of a legal right"); <u>Palka v. Sheldon</u>, 623 F.3d 447, 452 (7th Cir.2010) (suspension with pay did not implicate protected interest); <u>Bertram v. Hicks v. City of Watonga, Okl.</u>, 942 F.2d 737, 746 n.4 (10th Cir.1991) ("Suspension with pay does not raise due process concerns." (citing <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 544-45 (1985)); <u>Hardiman</u>, 709 F.2d at 637-38 (11th Cir.1983) (concluding that the plaintiff's "right to teach and coach" implicated in an eight-day suspension with pay was at most *de minimis*).

**ii.  Denial of Adequate Procedural Protections**

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." Zinermon, 494 U.S. at 125 (citations omitted) (emphasis original). Thus, in addition to demonstrating deprivation of a constitutionally protected interest, a plaintiff must demonstrate "a denial of adequate procedural protections" to prevail on a claim for violation of procedural due process under 42 U.S.C. § 1983.  See Tutor–Saliba Corp., 452 F.3d at 1061.

The nature of the process required depends on the nature of the property interests of which a plaintiff was allegedly deprived, Mathews v. Eldridge, 424 U.S. 319, 334 (1976) ("[R]esolution of...whether the administrative procedures provided...are constitutionally sufficient requires analysis of the...private interests that are affected."), but an essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). Indeed, the Supreme Court has described "the root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." Loudermill, 470 U.S. at 542 (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971) (emphasis in original)).

As to what ultimately became the 2-shift suspension, the 2AC contains the following process-related allegations:

- Phillips-Kerley received an Intent to Suspend recommending a 10-shift suspension on March 4, 2015, Doc. No. 47 ¶ 46;

- on October 1, 2015, an Order of Suspension reducing the proposed 10-shift suspension to a 2-shift suspension for "tardiness and inefficiency" was issued, id. ¶ 51;

- on August 23, 2016, the Civil Service Board heard Phillips-Kerley's appeal of the 2-shift suspension, id. ¶ 60;

- in November 2016, the hearing officer for the Civil Service Board denied Phillips-

Kerley's appeal of the 2-shift suspension, id. ¶ 65; and

- on March 29, 2017, a final decision was issued denying Phillips-Kerley's appeal of the 2-shift suspension. Id. ¶ 79.

As process in connection with the 8-shift suspension, the 2AC states:

- in May 2017, Phillips-Kerley received an Intent to Suspend for conduct when making a complaint, Doc. No. 47 ¶ 81;
- on June 30, 2017, Phillips-Kerley participated in a hearing for the proposed 8-shift suspension, id. ¶ 84; and
- on August 15, 2017, an Order of Suspension was issued (apparently in conjunction with the 8-shift suspension). Id. ¶ 87.

These allegations show that Phillips-Kerley was provided with notice and an opportunity to be heard in advance of both the 2-shift suspension and the 8-shift suspension, which are the only events in the two-year period prior to the filing of this action that appear to implicate a potential deprivation of pay. Thus, the Court finds that Phillips-Kerley has failed to allege facts showing "a denial of adequate procedural protections" in connection with supposed deprivations. Dismissal of the Ninth Cause of Action is warranted for that reason, in addition to the fact that Phillips-Kerley has failed to allege deprivation of a constitutionally protected interest.[6] See Tutor–Saliba Corp., 452 F.3d at 1061.

### c. Municipal Policy or Custom

Phillips-Kerley has failed to state a claim against the City of Fresno under 42 U.S.C. § 1983 for the additional reason that the 2AC lacks facts sufficient to make a plausible showing that the deprivations at issue arose from a municipal policy or custom.

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.2006). A municipality, however, "cannot be held liable solely because it employs a tortfeasor—or, in other words, a

---

[6] In light of the Court's findings that Phillips-Kerley has failed to allege a deprivation of a constitutionally protected interest or a lack of adequate pre-deprivation procedural protections, the Court declines to address allegations as to the adequacy of post-deprivation remedies.

municipality cannot be held liable under [42 U.S.C. § 1983] under a respondeat superior theory."
Monell, 436 U.S. at 691; see Long, 442 F.3d at 1185; Ulrich v. City & County of San Francisco,
308 F.3d 968, 984 (9th Cir.2002). Liability only attaches where the municipality itself causes the
constitutional violation through "execution of a government's policy or custom, whether made by
its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."
Monell, 436 U.S. at 694; Ulrich, 308 F.3d at 984. A "policy" is a "deliberate choice to follow a
course of action ... made from among various alternatives by the official or officials responsible
for establishing final policy with respect to the subject matter in question." Fogel v. Collins, 531
F.3d 824, 834 (9th Cir.2008); Long, 442 F.3d at 1185. And a "custom" for purposes of municipal
liability is a "widespread practice that, although not authorized by written law or express
municipal policy, is so permanent and well-settled as to constitute a custom or usage with the
force of law." St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (citation and internal quotation
marks omitted); Los Angeles Police Protective League v. Gates, 907 F.2d 879, 890 (9th Cir.1990);
see also Bouman v. Block, 940 F.2d 1211, 1231–32 (9th Cir.1991). After showing the existence of
a policy or custom, the plaintiff must further show that it was both the cause in fact and the
proximate cause of a given constitutional deprivation. See Harper v. City of Los Angeles, 533
F.3d 1010, 1026 (9th Cir.2008).

Allegations as to what is sometimes referred to as "*Monell* liability" will be sufficient for
purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how
the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and
(4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the
deficiency involved was obvious and the constitutional injury was likely to occur. Young v. City
of Visalia, 687 F.Supp.2d 1155, 1163 (E.D.Cal. 2010) (citing Young v. City of Visalia, 687
F.Supp.2d 1141, 1148–50 (E.D.Cal. Aug. 18, 2009)); see also Jackson v. County of San Diego,
2009 WL 3211402, *3 (S.D.Cal. Sept. 29, 2009); cf. Lee v. City of Los Angeles, 250 F.3d 668,
682 (9th Cir.2001).

Phillips-Kerley contends that he satisfied these pleading requirements because he "has
been involved in [the Fresno Fire Department's] grievance and disciplinary procedures for many

years" and "pled in his Complaint that these procedures were inadequate and did not provide him with a fair adjudicatory process." Doc. No. 53 at 10:18-21. In reviewing the 2AC, however, the Court sees no allegations showing how the "grievance and disciplinary procedures" were deficient or how deficiencies in such procedures caused the purported deprivations at issue here. To the contrary, the allegations in the 2AC as to Letters of Understanding, Intents to Suspend, Orders of Suspension, Skelly Hearings, appeals and such appear to show that Phillips-Kerley was consistently provided with both notice and opportunity to be heard in connection with disciplinary actions. And, most—if not all—of the handful of allegations as to what could be characterized as wrongdoing or irregularities are expressly attributed to specific individuals with no meaningful attempt to link the conduct of such individuals to a "policy" or "custom" on the part of the Fresno Fire Department. See e.g., Doc. No. 47 ¶¶ 58, 62, 85.

The Court therefore finds that Phillips-Kerley has failed to allege facts showing that his purported deprivations arose from a municipal policy or custom. Dismissal of the Ninth Cause of Action is warranted for that reason, in addition to the other reasons set forth above. See Monell, 436 U.S. at 694

**d. Conclusion**

In sum, the Court finds that Phillips-Kerley has failed to allege deprivation of a constitutionally protected interest, denial of adequate procedural protections as to that deprivation, or facts implicating a municipal policy or custom in purported violations of 42 U.S.C. § 1983. See Monell, 436 U.S. at 690; Tutor–Saliba Corp., 452 F.3d at 1061. The Court therefore GRANTS the City of Fresno's motion to dismiss as to the Ninth Cause of Action. Dismissal is granted with LEAVE TO AMEND as these pleading defects may be curable. See Lopez, 203 F.3d at 1127.

**IV.    CONCLUSION**

The Court rules as follows with respect to the City of Fresno's motion to dismiss the Seventh, Eighth and Ninth Causes of Action in the 2AC: The City of Fresno's motion to dismiss as to the Seventh Cause of Action is GRANTED WITH LEAVE TO AMEND. The City of Fresno's motion to dismiss as to the Eighth Cause of Action is GRANTED WITH PREJUDICE. And the City of Fresno's motion to dismiss as to the Ninth Cause of Action is GRANTED WITH

1  LEAVE TO AMEND.

2      Phillips-Kerley shall have one opportunity to file and serve a third amended complaint in

3  an attempt to cure the deficiencies described herein as to the dismissed claims for which leave to

4  amend is granted. Phillips-Kerley is not afforded leave to add new claims. Any amended

5  complaint shall be filed and served within 20 days of electronic service of this Order. The City of

6  Fresno no later than 20 days after service of the third amended complaint shall file a response

7  thereto.

8                    **MOTION FOR A MORE DEFINITE STATEMENT**

9      Prior to filing a responsive pleading, a party may move for a more definite statement of a

10  pleading if it "is so vague or ambiguous that the party cannot reasonably prepare a response."

11  Fed.R.Civ.P. 12(e). The purpose of Rule 12(e) of the Federal Rules of Civil Procedure is to provide

12  relief from a pleading that is unintelligible, not one that is merely lacking detail. Neveu v. City of

13  Fresno, 392 F.Supp.2d 1159, 1169 (E.D.Cal. 2005). Motions pursuant to Rule 12(e) are generally

14  "viewed with disfavor and are rarely granted[.]" Sagan v. Apple Computer, Inc., 874 F.Supp. 1072,

15  1077 (C.D. Cal. 1994).

16      The City of Fresno argues that the 2AC effectively ignores aspects of the Court's October 19,

17  2018 Order on the City of Fresno's motion for a more definite statement as to the 1AC, Doc. No. 50-1

18  at 1:2-19, and that the practice of incorporating all allegations into each cause of action improperly

19  "require[s] the City [of Fresno] and the Court to ferret out the material charging allegations." Id. at

20  2:1-7.

21      The Court agrees with the City of Fresno. The Court's October 19, 2018 Order expressly

22  directs Phillips-Kerley to "make sure any incorporations in the 2AC reference the proper paragraphs."

23  Doc. No. 24 at 5:9. As far as the Court can tell, Phillips-Kerley has made no meaningful efforts in that

24  respect. The Seventh Cause of Action, for example, not only incorporates all preceding paragraphs by

25  reference but also states that "each instance of conduct alleged in [the 2AC] constitutes a denial of

26  [Phillips-Kerley's] rights under the [FPBORA]." Doc. No. 47 ¶¶ 149, 151; see Anderson v. Dist. Bd.

27  of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (affirming Rule 12(e) grant

28  where each claim incorporated by reference segments of the complaint that did not match with the

allegations). The Ninth Cause of Action is similarly overinclusive and oblique. Id. ¶¶ 159, 161.

Particularly at this late stage in the pleading process—and in light of the Court's prior Order—neither the City of Fresno nor the Court should be left guessing at the facts underlying each of Phillips-Kerley's claims. See McHenry v. Renne, 84 F.3d 1172, 1175 (9th Cir.1996) (stating that confusing and unclear complaints "impose unfair burdens on litigants and judges."). To the extent Phillips-Kerley elects to amend his claims pursuant to the leave granted in the Court's Order as to the City of Fresno's motion to dismiss, he is directed to set forth in each newly pleaded cause of action the facts on which the cause of action is based. Further, to the extent Phillips-Kerley amends his cause of action under the FPBORA, he is directed to specify the sections of the FPBORA on which he is suing. See McLaughlin v. Castro, 2018 WL 1726630, *4 (E.D.Cal. Apr. 10, 2018) ("Shotgun pleadings . . . are unacceptable.").

## **MOTION TO STRIKE**

In light of the Court's rulings on to the motion to dismiss and the motion for a more definite statement, the City of Fresno's motion to strike is denied as moot.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (Doc. No. 50) is GRANTED;

2. Defendant's Motion for More Definite Statement (Doc. No. 50) is GRANTED;

3. Defendant's Motion to Strike (Doc. No. 50) is DENIED as moot;

4. Plaintiff is granted 20 days from the date of electronic service of this Order to file a third amended complaint, consistent with this Order;

5. The remainder of this case is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   December 4, 2019                          _____

                                                                SENIOR  DISTRICT  JUDGE