**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID PHILLIPS-KERLEY,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF FRESNO FIRE DEPARTMENT, et al.,<br><br>                Defendants. | **CASE: 1:18-cv-00438-AWI-BAM**<br><br>**ORDER GRANTING DEFENDANT CITY OF FRESNO'S MOTION TO DISMISS THIRD AMENDED COMPLAINT AS TO EIGHTH CAUSE OF ACTION**<br><br>(Doc. No. 66) |

    Plaintiff David Phillips-Kerley sets forth eight causes of action against the City of Fresno in his Third Amended Complaint ("3AC") arising from harassment, retaliation and other forms of wrongdoing he allegedly experienced over a span of several years of employment with the City of Fresno Fire Department ("Fresno Fire Department"). Doc. No. 64.

    The City of Fresno brought a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Eighth Cause of Action in the 3AC alleging violation of procedural due process under 42 U.S.C. § 1983 ("Section 1983"). Doc. No. 66. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**

    **A.    <u>Relevant Allegations</u>**

As alleged in the 3AC, Phillips-Kerley was a permanent employee of the Fresno Fire Department during the period of time relevant to this action. Doc. No. 64 ¶¶ 9-12. In August 2010, an incident involving the laundering of towels belonging to Phillips-Kerley at the fire station where he worked triggered a series of retaliatory actions against Phillips-Kerley spanning several years and multiple Fresno fire stations. See Doc. No. 64, Statement of Facts.

Of relevance to this motion, Phillips-Kerley alleges that he was "ordered to complete a 'Tardy Report Form' " in April 2011 acknowledging "an alleged instance of tardiness." Doc. No. 64 ¶ 26. In September 2011, Phillips-Kerley received an "Intent to Suspend" recommending a five-shift suspension for the supposed tardiness reflected in the Tardy Report Form. Id. ¶ 28. In November 2011, a hearing was held at which Phillips-Kerley had counsel and an agreement was reached that Phillips-Kerley would pay a $100 fine instead of serving the five-shift suspension. Id. ¶¶ 28, 29. In December 2011, a decision was issued stating that Phillips-Kerley would pay a $100 fine but that his record would reflect he had served a five-shift suspension. Id. ¶ 30. Phillips-Kerley appealed that order in January 2012, and according to the 3AC, "agreed to reduce the 5-shift suspension regarding tardiness to a $100 fine" in September 2015. Id. ¶ 47.

In September 2014, Phillips-Kerley received notice that he was again under investigation. Doc. No. 64 ¶ 43. In March 2015, Phillips-Kerley received an Intent to Suspend recommending a ten-shift suspension, id. ¶ 44; in June 2015, Phillips-Kerley submitted a written response to the proposed ten-shift suspension, id. ¶ 45; and in October 2015, an Order of Suspension was issued reducing the proposed ten-shift suspension to a two-shift suspension. Id. ¶ 48. Phillips-Kerley appealed the two-shift suspension later in October 2015. Id. ¶ 49. The appeal was heard in August 2016 and denied in November 2016. Id. ¶¶ 57, 65. In March 2017, a "final decision" was issued denying Phillips-Kerley's appeal of the two-shift suspension. Id. ¶ 80. According to the 3AC, Phillips-Kerley "served the suspension using his accrued holiday pay." Id. ¶ 48.

Finally, Phillips-Kerley alleges that he received an Intent to Suspend in May 2017 recommending an eight-shift suspension without pay in connection with a complaint Phillips-Kerley filed in December 2016, Doc. No. 64 ¶ 82, and that he participated in a hearing regarding the proposed eight-shift suspension in June 2017. Id. ¶ 85. According to the 3AC, this eight-shift

suspension was "served over a 24-day period causing [Phillips-Kerley] to be without pay for almost a month." Id. ¶¶ 116, 175.

### B. Relevant Procedural History

Phillips-Kerley filed this action on March 28, 2018. Doc. No. 1. The original Complaint alleged 21 causes of action under federal law, state statutes and common law against the Fresno Fire Department and more than 20 individual defendants. Id.

A First Amended Complaint ("1AC") was filed by stipulation June 18, 2018, alleging 21 causes of action against the City of Fresno (in place of the Fresno Fire Department) and more than 20 individual defendants. Doc. No. 13.

The Court granted in part and denied in part the City of Fresno's motion to dismiss the 1AC on October 19, 2018, Doc. No. 24, and Phillips-Kerley filed a Second Amended Complaint ("2AC") on April 25, 2019 against the City of Fresno, eliminating certain claims and adding a procedural due process claim under Section 1983. Doc. No. 47. The Court dismissed the Section 1983 claim in the 2AC of the grounds that Phillips-Kerley failed to allege a constitutionally protected property interest or a lack of adequate procedural protections. Doc. No. 62, Part III. Further, the Court found that Phillips-Kerley failed to allege that whatever harm he purportedly suffered arose from a municipal policy or custom. Id.

Phillips-Kerley filed a Third Amended Complaint ("3AC") against the City of Fresno on December 23, 2019 with a Section 1983 claim as the Eighth Cause of Action. Doc. No. 64. The City of Fresno seeks dismissal of the Section 1983 claim in the 3AC for essentially the same reasons it sought dismissal of the Section 1983 in the 2AC. Doc. No. 66.

## II. LEGAL FRAMEWORK

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

To avoid a Rule 12(b)(6) dismissal for lack of facts, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); Mollett, 795 F.3d at 1065. All well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact or unreasonable inferences. Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.' " Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations original) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III. ANALYSIS

Phillips-Kerley alleges in the 3AC's Eighth Cause of Action that the Fresno Fire Department violated his procedural due process rights under the Fourteenth Amendment to the United States Constitution because he was "routinely denied" protections under the Firefighters' Procedural Bill of Rights Act ("FPBORA") with respect to interrogations, inspection of his personnel file and such, Doc. No. 64 ¶ 174, and because he was improperly "deprived of pay" through suspension. Id. ¶¶ 175.

As noted above, the Court dismissed the Section 1983 claim in the 2AC on the grounds that Phillips-Kerley failed to allege that he was deprived of a constitutionally protected interest; that he was denied adequate procedural protections for such an interest; or that his harms arose from implementation of a municipal policy or custom. Doc. No. 62 at 19:5-24:15. In the instant

1  motion to dismiss, the City of Fresno acknowledges that a suspension without pay can implicate a
2  constitutionally protected property interest, but argues that FPBORA violations cannot provide
3  grounds for a Section 1983 claim and that, as in the 2AC, Phillips-Kerley has failed to allege
4  inadequate procedural protections. Doc. No. 66-1, Part III.B. Further, the City of Fresno contends
5  that Phillips-Kerley has again failed to make the requisite allegations as to post-deprivation
6  remedies and as to municipal policy or custom. Id.

### A. Allegations Regarding Essential Elements of a Section 1983 Claim

To state a claim for violation of procedural due process under Section 1983, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Tutor–Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1061 (9th Cir. 2006) (citation omitted). In addition, "[a] procedural due process claim is not cognizable under Section 1983 'when a state's post-deprivation remedies are adequate to protect a victim's procedural due process rights.' " Vierria v. California Highway Patrol, 644 F. Supp. 2d 1219, 1242 (E.D. Cal. 2009) (citing Wood v. Ostrander, 879 F.2d 583, 588 (9th Cir. 1989)).

The type of procedural protections required to pass constitutional muster depends on the nature of the interest at stake, Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976) (determining whether process is "constitutionally sufficient requires analysis of the ... interests that are affected"), but an essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950); see also, Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (stating that "the root requirement" of the Due Process Clause is "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest" (citation and internal quotation marks omitted) (emphasis original)).

The Court agrees with the City of Fresno's contention—which Phillips-Kerley does not address in the opposition—that the FPBORA merely provides procedural guarantees and does not create interests protected by the Due Process Clause of the Fourteenth Amendment. See Stiesberg v. State of Cal., 80 F.3d 353, 357 (9th Cir. 1996) (finding that plaintiff could not "show that the

5

[Public Safety Officers Procedural Bill of Rights Act ("PSOPBRA")] does anything more than create procedural guarantees" and thus could not "establish that he was deprived of a property interest protected by the Due Process Clause."); Corley v. San Bernardino Cty. Fire Prot. Dist., 21 Cal. App. 5th 390, 399 (2018) (stating that the FPBORA is "modeled after" and "mirror[s]" the PSOPBRA). Moreover, as the City of Fresno points out, the FPBORA expressly provides a post-deprivation remedy in the form of Superior Court review of alleged FPBORA violations. Cal. Gov. Code § 3260(b) ("The superior court shall have initial jurisdiction over any proceeding brought by any firefighter against any employing department or licensing or certifying agency for alleged violations of [the FPBORA]"). Thus, the allegations in paragraphs 57 through 89 of the 3AC purporting to show how Fresno "routinely…ignored and violated the [FPBORA]," Doc. No. 64 ¶ 174, do not provide a basis for a procedural due process claim under Section 1983.

As to deprivation of pay, Phillips-Kerley states that he was suspended without pay for eight-shifts over a 24-day period. Doc. No. 64 ¶¶ 116, 175. As the City of Fresno acknowledges, Doc. No. 66-1 at 4:3-6, deprivation of pay can implicate a constitutionally protected property interest for a permanent employee of a government entity. Skelly v. State Personnel Bd., 15 Cal.3d 194, 206-207 (1975); Dorr v. Butte Cty.,795 F.2d 875, 876 (9th Cir. 1986).[1] The 3AC also alleges, however, that Phillips-Kerley received notice and a hearing before the eight-shift suspension in question took effect. Doc. No. 64 ¶¶ 82, 85. Moreover, the 3AC alleges that Phillips-Kerley was provided notice, hearings and appeals for the two other proposed suspensions alleged in the 3AC, and that Phillips-Kerley was able to reduce the proposed 2-shift suspension to a $100 fine and reduce the proposed 10-shift suspension to a 2-shift suspension after receiving such notice. Id. ¶¶ 28-30, 44-45, 48-49, 57, 65, 80. It does not appear that either the proposed 2-shift suspension or

---

[1] See also, Bailey v. Kirk, 777 F.2d 567, 575 (10th Cir. 1985) (finding suspensions at issue "implicated a property interest entitled to due process safeguards in light of cases which hold that temporary suspensions without pay … impinge on protected property interests"); Hardiman v. Jefferson County Board of Education, 709 F.2d 635, 637 n.1 (11th Cir. 1983) (plaintiff's property interest in employment as a tenured teacher would be implicated by a suspension without pay absent an "extraordinary situation"); Louise B. v. Coluatti, 606 F.2d 392, 401-02 (3d Cir. 1979) (assuming that plaintiffs had property interests in public employment, they would be impinged by summary suspensions without pay); Muscare v. Quinn, 520 F.2d 1212, 1215 (7th Cir. 1975) (plaintiff's suspension for 29 days without pay implicated a protected property interest), cert. dismissed as improvidently granted, 425 U.S. 560 (1976) (per curiam).

1  the proposed 10-shift suspension are alleged as predicates for Phillips-Kerley's Section 1983
2  claim, but even reading the 3AC liberally and taking those proposed suspensions into
3  consideration, the Court sees nothing to indicate that Phillips-Kerley was denied notice or hearings
4  in connection with action taken against him by the Fresno Fire Department. In fact, the relevant
5  allegations in the 3AC—which, the Court notes, are essentially unchanged from the allegations in
6  the 2AC—decisively contradict such an inference. The Court, therefore, agrees with the City of
7  Fresno that Phillips-Kerley has again failed to allege the second element of a Section 1983
8  claim—a lack of adequate procedural protections—and that the Eighth Cause of Action in the
9  3AC should be dismissed. See Tutor–Saliba Corp., 452 F.3d at 1061.

### B. Allegations as to *Monell* Liability

In addition to the foregoing, the Court finds that the 3AC lacks sufficient allegations that Phillips-Kerley's harms arose from implementation of a municipal policy or custom.

Municipalities such as the City of Fresno are considered "persons" under Section 1983 and thus may be liable for causing deprivation of a constitutionally protected right. Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Liability only attaches to a municipality, however, where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694; Ulrich v. City & County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002). Allegations as to so-called "*Monell* liability" are sufficient for purposes of Rule 12(b)(6) where they: (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur. Young v. City of Visalia, 687 F.Supp.2d 1155, 1163 (E.D. Cal. 2010) (citations omitted).

Failure to allege "facts sufficient to make a plausible showing that the deprivations at issue arose from a municipal policy or custom" was one of the bases on which the Court dismissed the Section 1983 claim in the 2AC. Doc. No. 62 at 22:20-22. Specifically, the Court stated as follows:

7

> In reviewing the 2AC, [] the Court sees no allegations showing how the "grievance and disciplinary procedures" were deficient or how deficiencies in such procedures caused the purported deprivations at issue []. To the contrary, the allegations in the 2AC as to Letters of Understanding, Intents to Suspend, Orders of Suspension, Skelly Hearings, appeals and such appear to show that Phillips-Kerley was consistently provided with both notice and opportunity to be heard in connection with disciplinary actions. And, most—if not all—of the handful of allegations as to what could be characterized as wrongdoing or irregularities are expressly attributed to specific individuals with no meaningful attempt to link the conduct of such individuals to a "policy" or "custom" on the part of the Fresno Fire Department.

Doc. No. 62 at 24:2-11.

The Court sees no new factual allegations of consequence in the 3AC regarding policy or custom with respect to actions taken against Phillips-Kerley and, thus, the Court again finds that dismissal of Phillips-Kerley's Section 1983 claim against the City of Fresno is warranted for failure to allege *Monell* liability.[2] See Monell, 436 U.S. at 694; Doc. No. 62 at 23.

### C. **Leave to Amend**

Phillips-Kerley has now filed four iterations of the Complaint and attempted to plead the Section 1983 claim at issue here on two separate occasions. Further, the Court expressly stated in the Order on the City of Fresno's motion to dismiss the 2AC (the "2AC Order") that Phillips-Kerley would be given but one more opportunity to amend his pleading and that he should be mindful of the Court's findings in the 2AC Order when doing so. Doc. No. 62 at 1:24-28. The only significant difference the Court sees between the Section 1983 claim as pled in the 2AC and the Section 1983 claim as pled in the 3AC, however, is the allegation that Phillips-Kerley was a permanent employee of the Fresno Fire Department and the allegation that he was deprived of pay as a result of the eight-shift suspension. While such allegations may resolve pleadings defects as to the first element of Phillips-Kerley's Section 1983 claim, they do nothing to mitigate fatal defects as to the second element. Further, the Court does not see how Phillips-Kerley can plead around express allegations that he was provided notice, hearings and even appeals in connection with the proposed suspensions alleged in his pleadings, even if he could somehow resolve the pleading

---

[2] In light of the Court's findings that Phillips-Kerley failed to allege the second element of a Section 1983 claim and failed to allege *Monell* liability, it is unnecessary for the Court to address the City of Fresno's contention that the 3AC lacks sufficient allegations as to the exhaustion and / or adequacy of post-deprivation remedies. Accordingly, the City of Fresno's Request for Judicial Notice asking the Court to take notice of certain rules and code provisions pertaining to remedies is denied as moot. See Doc. No. 66-2.

defects as to *Monell* liability. Leave to amend is therefore denied. See Carvalho, 629 F.3d at 892–93.

### IV. CONCLUSION

For the foregoing reasons, the Court will DISMISS the Eighth Cause of Action in the 3AC—for violation of procedural due process under Section 1983—WITH PREJUDICE.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The City of Fresno's motion to dismiss (Doc. No. 66) is GRANTED in its entirety;
2. The Eighth Cause of Action in the Third Amended Complaint (Doc. No. 64) is DISMISSED WITH PREJUDICE;
3. The remainder of this action is referred to the magistrate judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated: May 22, 2020

SENIOR DISTRICT JUDGE

9