UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILLIPS-KERLEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00438-AWI-BAM<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>(Doc. No. 101) |

Currently before the Court is Plaintiff David Phillips-Kerley's ("Plaintiff") Motion for Leave to Filed Supplemental Complaint. (Doc. No. 101.) April 2, 2021, Defendant City of Fresno Fire Department ("Defendant") filed an opposition to the motion. (Doc. No. 107.) Plaintiffs replied on April 22, 2021. (Doc. No. 108.)

Having considered the motion, the opposition, and the reply, as well as the entire record in this case, Plaintiff's motion is DENIED.

**I.     BACKGROUND**

Plaintiff commenced this action on March 28, 2018. (Doc. No. 1.) Plaintiffs' complaint arises out of various workplace grievances including discrimination, harassment, and retaliation. (*See id.*) On June 18, 2018, Plaintiff filed a First Amended Complaint. (Doc. No. 13.) On April 25, 2019, Plaintiff filed a Second Amended Complaint. (Doc. No. 47.) On May 24, 2019, Defendant City of Fresno filed a motion to dismiss second amended complaint; for a more definite statement; and to strike portions of the second amended complaint. (Doc. No. 50.) Defendant moved to dismiss three causes of action from the Second Amended Complaint, to order a more definite statement, and to strike portions of the complaint. (*Id.*) On December 4,

2019, the Court issued an Order on Defendant's motion to dismiss. (Doc. No. 62.) The Court granted Defendant's motion to dismiss and motion for a more definite statement and denied the motion to strike as moot. (*Id.*) Plaintiff was given leave to file a third amended complaint. (*Id.*) On December 23, 2019, Plaintiff filed a Third Amended Complaint. (Doc. No. 64.)

On January 9, 2020, Defendant filed a motion to dismiss the third amended complaint as to the eighth cause of action (Due Process). (Doc. No. 66.) On May 22, 2020, the Court granted the motion to dismiss thereby dismissing the eighth cause of action from Plaintiff's third amended complaint, no leave to amend was granted. (Doc. No. 73.) On July 8, 2020, the Court issued a Scheduling Order which, in relevant part, and set a deadline of January 11, 2021, for any stipulated amendments or motions to amend the pleadings. (Doc. No. 78.) On August 7, 2020, Plaintiff's counsel filed a motion to withdraw as counsel. (Doc. No. 83.) On October 2, 2020, the Court granted the motion to withdraw, and Plaintiff began representing himself *in propria persona.* (Doc. No. 91.) Also on October 2, 2020, in response to Plaintiff's counsel withdrawing the Court issued an order staying discovery. (Doc. No. 92.)

On March 9, 2021, Plaintiffs filed the instant motion. (Doc. No. 101.) According to the motion, Plaintiffs seek to supplement the complaint to include allegations that have occurred since the filing of this lawsuit. (*Id.*) On March 15, 2021, the Court issued an order lifting the stay of discovery and amending the scheduling order. (Doc. No. 104.) There were no changes to the deadline to file any stipulated amendments or motions to amend the pleadings. (*See Id.*) On March 31, 2021, the Court granted Plaintiff's request for substitution of attorney. (Doc. No. 106.) On April 2, 2021, the Defendant filed an opposition to the instant motion. (Doc. No. 107.) Plaintiff filed his reply on April 22, 2021. (Doc. No. 108.)

///
///
///
///
///

## II. LEGAL STANDARD

### A. Scheduling Orders

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* G*reen Aire for Air Conditioning W.L.L. v. Salem,* 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4), which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc.*, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be

met.")). For example, good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe,* 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609.)

**B.    Pleading Amendments**

Under Fed. R. Civ. P. 15(d) a party may seek to supplement a complaint with allegations of further transactions, occurrences, or events that have happened since the date of the pleading. Leave to supplement the complaint is favored, the mechanism should not be used to introduce a "separate, distinct and new cause of action." *Planned Parenthood v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997) (citing *Berssenbrugge v. Luce Mfg. Co.,* F.Supp. 101, 102 (D.Mo. 1939)). The goal of Rule 15(d) is to promote judicial efficiency. *Neely,* 130 F.3d at 402.

**III.    <u>DISCUSSION</u>**

**A.  Rule 16**

The Scheduling Order issued on July 8, 2020, required that any stipulations or motions to amend the pleadings be filed by January 11, 2021. (Doc. No. 78.) The amended scheduling order entered on March 15, 2021, did not amend the date to file any stipulations or motions to amend. (Doc. No. 104.) Plaintiff filed his motion on March 9, 2021, three months after the expiration of the amendment deadline set forth in the Scheduling Order. (*See* Doc. No. 78.) As Plaintiffs' request to amend comes after expiration of the relevant Scheduling Order deadline, Plaintiff is required to demonstrate good cause under Rule 16 for filing an untimely motion to amend. *See Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294–95 (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and

the motion was filed after the deadline had expired); *Jackson v. Laureate, Inc.,* 187 F.R.D. 605, 607 (E.D. Cal. June 16, 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)."). Accordingly, the Court examines Plaintiffs' diligence to determine whether amendment of the Scheduling Order is proper. *Weeks v. Union Pac. R.R. Co.*, 2017 WL 714368, at *5 (E.D. Cal. Feb. 22, 2017), *on reconsideration in part,* 2017 WL 1740123 (E.D. Cal. May 4, 2017).

In determining diligence, the Court can inquire into (1) whether the movant was diligent in aiding the Court in creating a scheduling order, (2) whether matters that were not, and could not be foreseeable at the time the scheduling order was entered caused the need to amend, and (3) whether the movant was diligent in attempting to amend the scheduling order once the need to amend became apparent. *Gonzalez v. Jones,* 2020 WL 9144005 at *2 (E.D. Cal. April 13, 2020). If the moving party fails to show due diligence in seeking an amendment to the scheduling order, the inquiry should end, and the Court should deny the attempt to modify the scheduling order. *Gonzalez,* 2020 WL at *2 (citing *Zivkovic v. Southern California Edison, Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002)).

The Court acknowledges that part of the time after the scheduling order was entered, Plaintiff was appearing *in propria persona*. Nonetheless, a person representing himself is expected to know the rules. Local Rule 183(a) states in pertinent part, "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil…Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing *in propria persona*."

In Plaintiff's motion, Plaintiff does not ask to modify the schedule. Instead, the motion focuses primarily on the standard for granting a motion to amend under Rule 15 and fails to address Rule 16. (*See* Doc. No. 101.) Defendant, in turn, argues that it will be prejudiced by amendment and that no good cause to amend the scheduling order was shown. (Doc. No. 107 at 5-9.) On reply, Plaintiff argues that he meets Rule 16's requirements because the new allegations which Plaintiff intends to supplement the complaint were not reasonably

5

foreseeable. (Doc. No. 108 at 3.)

The Court finds good cause to allow the amendment to the scheduling order. Plaintiff argues that there is good cause to amend the scheduling order and allow the motion because "Plaintiff could not have reasonably foreseen that he would be subjected to further retaliation and that he would be representing himself." (Doc. No. 108 at 3.) The Court finds Plaintiff's argument persuasive. Plaintiff's new allegations allege conduct by the Defendants that began as early as October 2020, however, the alleged conduct continued to February 2021. (*See* Doc. Nos. 101, 108.) The Motion for leave to amend was filed just a month after the last alleged incident. All of this occurred while Plaintiff was without counsel and while discovery was stayed. The conduct alleged by Defendant could not have been foreseen, nor was it foreseeable that Plaintiff would not have the aid of counsel when the alleged conduct occurred. Though Defendant's argument that Plaintiff's motion should be denied for failure to timely file the motion is sound, it appears that Plaintiff was diligent is seeking leave to supplement the complaint given the timing of events and the unforeseeable nature of the alleged conduct. Accordingly, Plaintiff has demonstrated good cause to amend the scheduling order. The Motion will not be denied pursuant to Rule 16(b).

**B. Rule 15**

Rule 15(d) was designed to provided district courts with broad discretion to allow supplements to pleadings. *Keith v. Volpe,* 858 F.3d 467, 473 (9th Cir. 1988). Supplements to pleadings are favored because it allows courts to hear the entire conflict between parties and avoid excess cost, delay, and waste which would be accrued if the actions were tried separately. *Keith,* 858 at 475. The standard for granting a motion to supplement the complaint under Rule 15(d) is the same as the standard for deciding a motion to amend the complaint under Rule 15(a). *Pivonka v. Allstate Ins. Co.,* 2021 WL 1212955 at *4-5 (E.D. Cal. March 31, 2021) (quoting *Yates v. Auto City,* 299 F.R.D. 611, at 614 (N.D. Cal. November 7, 2013)).

The United States Supreme Court has stated in evaluating amendments to pleading under Rule 15(a):

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,

> repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)).

Defendant argues that leave to amend is not warranted because of prejudice and futility of amendment. The Court therefore limits its analysis to these factors.

1. Prejudice

Defendant argues that allowing the Plaintiff to supplement the complaint would greatly prejudice them. Specifically, Defendant's contend that supplementing the complaint would add an extensive amount of delay in this matter which has already been pending for three years. (Doc. No. 107 at 5.)

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Prejudice to the opposing party carries the greatest weight in the Rule 15 analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "In evaluating prejudice courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of amendment, the extent to which additional discovery would have to be conducted, and the degree to which amendment may delay the proceedings." *Commerce Point Capital, Inc. v. First Data Corp.*, No. 19-CV-556 W (LL), 2020 WL 2991498, at *3 (S.D. Cal.

June 4, 2020) (citations omitted).

Defendant argues that there would be tremendous amounts of delay if Plaintiff is allowed to further supplement the complaint. (Doc. No. 107 at 5-6.) The Court agrees. If Plaintiff is granted the opportunity to supplement the complaint, there will be additional delays. There would be an inevitable motion to dismiss. That would further delay this matter for several more months with the current judicial emergency and extensive caseload currently before the Court. Defendant is further concerned that the extended delay would greatly increase costs and the possibility that necessary witnesses would no longer be available. Further, Defendant states that 13 of the 23 originally named Defendants have retired. Continued delays of this matter make it increasingly more difficult for the parties to argue their cases. Additional delays in this matter will prejudice Defendant.

Defendant also argues that they will be greatly prejudiced if Plaintiff is allowed to supplement the complaint because the Court has already ruled on the due process violation cause of action. (Doc. No. 107 at 8.) The Court agrees. Plaintiff filed his Third Amended Complaint on December 23, 2019, Defendant then filed a motion to dismiss on January 9, 2020. (Doc. Nos. 64, 66.) On May 22, 2020, the Court granted the motion to dismiss as to the eight cause of action stating:

> "Phillips-Kerley has now filed four iterations of the Complaint and attempted to plead the Section 1983 claim at issue here on two separate occasions. Further, the Court expressly stated in the Order on the City of Fresno's motion to dismiss the 2AC (the "2AC Order") that Phillips-Kerley would be given but one more opportunity to amend his pleading and that he should be mindful of the Court's findings in the 2AC Order when doing so. Doc. No. 62 at 1:24-28. The only significant difference the Court sees between the Section 1983 claim as pled in the 2AC and the Section 1983 claim as pled in the 3AC, however, is the allegation that Phillips-Kerley was a permanent employee of the Fresno Fire Department and the allegation that he was deprived of pay as a result of the eight-shift suspension. While such allegations may resolve pleadings defects as to the first element of Phillips-Kerley's Section 1983 claim, they do nothing to mitigate fatal defects as to the second element. Further, the Court does not see how Phillips-Kerley can plead around express allegations that he was provided notice, hearings and even appeals in connection with the proposed suspensions alleged in his pleadings, even if he could somehow resolve the pleading defects as to *Monell* liability. Leave to amend is therefore denied. *See Carvalho*, 629 F.3d at 892–93."

(Doc. No. 73 at 8-9.) Defendant argues that Plaintiff is attempting to resuscitate claims that have already been dismissed by the Court. (Doc. No. 8.) The Court agrees. Supplemental pleadings cannot be used to introduce separate, distinct and new causes of action. *Neely,* 130 F.3d at 402. Plaintiff has been given three opportunities to amend the complaint and the claims in his latest amended complaint have already been evaluated by the Court. Plaintiff attempts to reintroduce the due process claim back in a supplement to the complaint when that cause of action was dismissed and the leave to amend was not granted.

Defendant has thoroughly met their burden of demonstrating prejudice. If a supplement is granted, there would be extensive delays to this matter. Additionally, Defendant would be forced to defend a cause of action already dismissed. This factor therefore weighs in favor of denying leave to supplement the complaint.

2. Futility

Defendant contends that the events alleged in the proposed supplement are too far removed from the events alleged in the Third Amended Complaint. Futility can, by itself, justify denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit has articulated the test for futility as when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co*., 881 F.3d 1122, 1134 (9th Cir. 2018) (citing *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v. VForce Inc*., No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id*.

Plaintiff contends that the allegations raised in the supplement to the complaint signify continued discrimination, retaliation, and workplace hostility from his employer, Defendant. (Doc. No. 101, 108.) Plaintiff argues that the events and allegations he alleges in the

supplement to the complaint are a continuation of the same conduct alleged in the Third Amended Complaint. Defendant counters that a substantial amount of time has passed since the allegations in the Third Amended Complaint and the new allegations. Specifically, there has been three and a half years since the allegations raised in the Third Amended Complaint and the proposed supplement. The Court finds Defendant's arguments persuasive.

The events alleged in the supplement appear to be discrete events. Plaintiff seeks to show that the alleged conduct presented in the supplement is a continuing violation by Defendant. (Doc. No. 108 at 4.) Plaintiff cites *Fahnestock v. Waggoner* to support their premise that Defendant's conduct is (1) of a similar kind to the previously alleged conduct, (2) that the conduct occurred with reasonable frequency, and (3) that the conduct did not acquire a degree of permanence. 674 F. App'x 708, 710 (9th Cir. 2017). While the new allegations may be of a similar kind to those in the previous complaint, Plaintiff fails to establish that the conduct was frequent. As Defendant points out, there was a lapse of three years from the conduct alleged in the Third Amended Complaint and the new allegations. That length of time between incidents is far from establishing "frequent" such that the claims are related. The new allegations appear to be discrete events separate and apart from the previously alleged incidents.

Further, not only has there been extensive time since the allegations in the Third Amended Complaint and the new allegations but there has also been an extended amount of time since Plaintiff filed the Third Amended Complaint. Plaintiff filed the Third Amended Complaint on December 23, 2019, about fifteen months before Plaintiff filed the proposed supplement. (Doc. No. 64.)

Futility is established when there are no facts in the supplement that would constitute a sufficient claim. *Barahona*, 881 F.3d at 1134. In this case, there are no facts in the supplement that would connect the new allegations to those already at issue in this case. The amount of time that has passed between allegations is too great to establish continued conduct by the Defendant. Therefore, the Court finds that the supplement would be futile.

///

///

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Supplement the Third Amended Complaint (Doc. No. 101.) is DENIED.

IT IS SO ORDERED.

Dated: **May 17, 2021**              /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

11