UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PHILLIPS-KERLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FRESNO,<br><br>    Defendant. | CASE: 1:18-cv-00438-AWI-BAM<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER**<br><br>(Doc. No. 126) |

    On Friday, August 12, 2022, Plaintiff David Phillips-Kerley filed an ex parte application for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue, pursuant to Rule[1] 65 of the Federal Rules of Civil Procedure. Doc. No. 126. The application seeks to enjoin Defendant City of Fresno ("Fresno") from: (i) causing Phillips-Kerley "further retaliation and harassment by failing to separate [him] from certain actors who [he] has requested separation [from] due to medical conditions in the past"; (ii) "preventing [Phillips-Kerley] from seeking … worker's compensation benefits"; and (iii) "carrying out any adverse

---

[1] Unless otherwise indicated, "Rule" refers to the Federal Rules of Civil Procedure.

1  action, including investigations, suspension or termination against [Phillips-Kerley]." Id. at 2-4.
2  Phillips-Kerley asserts that he could "be terminated for seeking the separation and worker's
3  compensation benefits as retaliation for making such requests." Id. at 7:21-26. Further, he
4  contends that the evidence set forth in support of his application "establishes a high probability of
5  success on the merits" and that "the public interest is directly implicated as [he] is a public
6  employee [whose] job it is to provide safety to the public." Id. at 29:3-11. The application calls for
7  a hearing before Magistrate Judge McAuliffe on the day of the filing, August 12, 2022. Id. at 1.

8  On Sunday, August 14, 2022, Fresno filed two objections to the application. Doc. No. 127.
9  First, Fresno asserts that it did not stipulate to a magistrate judge for all purposes in this action and
10 that consequently the application must be decided by a district court judge. Id. at 1:19-23. Second,
11 Fresno asserts that, under the Local Rules for the Eastern District of California, no hearing can be
12 set because the allegations underlying Phillips-Kerley's application are not included in (and
13 significantly post-date) the operative pleading in this case (the Third Amended Complaint
14 ("3AC"), Doc. No. 64). Id. at 1:23-25. Fresno wishes to file opposition papers and states that it
15 "anticipates being able to do so prior to the close of business on August 16, 2022." Id. at 2:1-3.

## LEGAL STANDARD

17 The analysis for issuing a TRO and the analysis for issuing a preliminary injunction are
18 "substantially identical" to one another. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240
19 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain such relief, a plaintiff must establish four factors set
20 forth in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008): (1) "he is likely to
21 succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary
22 relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public
23 interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009)
24 (quoting Winter, 555 U.S. at 20). In the Ninth Circuit, these factors—sometimes referred to as the
25 "*Winter* factors"—may be evaluated on a sliding scale: "serious questions going to the merits, and
26 a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary
27 injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and
28 that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d

1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

Under Rule 65(b), a court may issue a TRO on an ex parte basis only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).

In *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974), the Supreme Court explained that circumstances justifying the issuance of an ex parte order are extremely limited:

> The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

Id. at 438–39 (internal citation omitted).

In other words, a temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22; see Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (emphasizing plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy' ").

## **DISCUSSION**

On August 12, 2022, counsel for Phillips-Kerley sent a letter to counsel for Fresno via email stating that "court intervention" was being sought based on "the July 26, 2022 Notice that was sent to [] Phillips-Kerley regarding an investigation …." Doc. No. 126-3. The July 26, 2022 notice, for its part, states that Fresno has "commenced an administrative investigation into allegations of misconduct made against [Phillips-Kerley]" and that Phillips-Kerley has been "scheduled for an in-person interview" on August 16, 2022. Doc. No. 126-6 at 2.

The Court has reviewed, in detail, the papers filed in support of this motion, including Phillips-Kerley's declaration, Doc. No. 126-14, the declaration of Phillips-Kerley's attorney

1  Alexis Galindo (the "Galindo Declaration"), Doc. No. 126-2, and the 11 exhibits attached to the
2  Galindo Declaration. Doc. Nos. 126-3 through 126-13. That review shows that Phillips-Kerley has
3  failed to set forth "specific facts in an affidavit or a verified complaint" showing "that immediate
4  and irreparable injury, loss, or damage will result to [him] before [Fresno] can be heard in
5  opposition" to this application. Fed.R.Civ.Pro. 65(b)(1)(A); see Reno Air, 452 F.3d at 1130. The
6  Court will therefore deny Phillips-Kerley's application on the grounds that he failed to satisfy the
7  threshold requirements for ex parte relief under Rule 65(b).
8         Further, the Court finds that Phillips-Kerley has failed to show a risk of irreparable harm.
9  The sole conceivable justification for proceeding ex parte is Phillips-Kerley's stated fear that he
10 will be terminated at the August 16, 2022 interview. There is no showing, however, that Phillips-
11 Kerley will be terminated at the interview. See Doc. No. 126-6. Loss of employment, moreover,
12 generally does not constitute irreparable harm. See Farris v. Rice, 453 F. Supp. 2d 76, 79 (D.D.C.
13 2006) ("[G]iven the court's equitable powers to remedy for loss in employment through, for
14 example, back pay and time in service credit, cases are legion holding that loss of employment
15 does not constitute irreparable injury."); Overstreet v. Lexington-Fayette Urb. Cnty. Gov't, 305
16 F.3d 566, 579 (6th Cir. 2002) ("[T]he loss of a job is quintessentially reparable by money
17 damages." (quoting Minn. Ass'n of Nurse Anesthetists v. Unity Hosp., 59 F.3d 80, 83 (8th Cir.
18 1995)). And any claim of irreparable harm is fatally undercut by the fact that Phillips-Kerley
19 waited until the Friday before the interview (which falls on a Tuesday) and 17 days from receiving
20 notice of the interview to file this application. See E.D. Cal. L.R. 231(b) (stating that "the Court
21 will consider whether the applicant could have sought relief by motion for preliminary injunction
22 at an earlier date without the necessity for seeking last-minute relief" and "may conclude that the
23 delay … contradicts the applicant's allegations of irreparable injury"). Thus, in addition to finding
24 that Phillips-Kerley failed to comply with Rule 65(b), the Court will deny the application on the
25 independently sufficient ground that he has failed to show irreparable harm. See Winter, 555 U.S.
26 at 22 ("clear showing" required for relief).
27 //
28 //

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Enter (Doc. No. 126) is DENIED.

IT IS SO ORDERED.

Dated:   August 15, 2022

SENIOR DISTRICT JUDGE