CURD, GALINDO & SMITH, L.L.P.
ALEXIS GALINDO, State Bar No. 136643
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178
E-mail: agalindo@cgsattys.com

Attorneys for Plaintiff
DAVID PHILLIPS-KERLEY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DAVID PHILLIPS-KERLEY,

Plaintiffs,

vs.

CITY OF FRESNO,
AND DOES 1 THROUGH 10,
INCLUSIVE,

Defendants.

Case No.: 1:18-CV-438-JLT-FJS

STIPULATION RE: MOTIONS IN LIMINE

Trial Date:  March 31, 2026
Action Filed: March 28, 2018

**Background**

David Phillips-Kerley, a former firefighter with the City of Fresno Fire Department, brings claims against the City for retaliation under federal and state

115.94 06486585.000                                      1

law. The City filed numerous motions in limine ahead of trial seeking to exclude or limit various categories of evidence and testimony.

**Key Rulings**

**Evidence Exclusions (Granted)**

Liability insurance and settlement offers are excluded under Federal Rules of Evidence408 and 411 (unopposed).

**Sabotage, Intimidation, and Spousal claims**

— Plaintiff is precluded from testifying that the City sabotaged his outside employment efforts, had his wife terminated, or that an individual intimidated his wife (unopposed).

**Post-Termination Damages**

— Plaintiff may not pursue economic or non-economic damages after his July 11, 2023 termination date, as these were not alleged in the operative complaint.

**Two-Shift Suspension and Order of Removal**

— Plaintiff may not argue these were retaliatory adverse actions, though he may reference them as background for subsequent retaliatory acts.

Plaintiff comparing his qualifications to successful promotion candidates or referencing their post-promotional conduct is barred.

Comments inviting jurors to place themselves in Plaintiff's position are prohibited.

115.94 06486585.000

2

**<u>Testimony Limitations (Granted)</u>**

**Legal Terminology**

— No witness may testify to legal conclusions using terms like "harassment," "discrimination," or "retaliation" in an improper legal sense, though the words may be used in their ordinary meaning.

**Medical Testimony**

— Plaintiff may testify about his personal experiences and how conditions affected his life, but may not offer medical opinions, diagnoses, or causation testimony, or relay what medical professionals told him.

**Failure to Promote Scope**

— Evidence is limited to examination processes from 2012 through May 8, 2018 (the last allegation in the operative complaint). The verdict form will need a question to determine whether Plaintiff suffered retaliation, then, whether the retaliation was done by those who would made the promotion decision or who could influence that decision, then whether Plaintiff was discouraged from applying and/or that the widespread retaliation made attempts to secure promotion futile, and, finally, whether Plaintiff would have been promoted had he applied for a promotion.  Once these factual questions are determined, the Court will determine the back and/or front pay, as necessary.

//

**Expert Witnesses**

**Robert May (fire service expert)**

— Excluded entirely. The Court found his opinions constituted impermissible legal conclusions (e.g., opining that Plaintiff suffered retaliation and discrimination), invaded the province of the jury, and lacked proper foundation. Plaintiff failed to carry his burden of establishing admissibility.

**Darryl Zengler (economist)**

— Limited: may not calculate damages assuming promotion to Deputy Chief or a work life beyond July 11, 2023.

**Vida Thomas (HR expert)**

— Limited: may not opine on whether the City's conduct constituted retaliation or harassment, or on the adequacy of the City's anti-discrimination policy and training.

**Dr. Brian Jacks (psychiatrist)**

— Excluded without prejudice. Plaintiff will not call Dr. Jacks.

**Rulings Favoring Plaintiff (Denied or Partially Denied)**

**Adverse Employment Actions**

— The Court declined to limit Plaintiff to only six specific actions identified by the City, allowing him to introduce evidence of any adverse actions alleged in the Third Amended Complaint that have not been barred by prior rulings. After

115.94 06486585.000                              4

meet and confer, the parties agree that the following adverse employment actions are encompassed by the Third Amended Complaint:

- A fine modification agreement in 2015.
- Two letter of understanding in 2017.
- An eight shift suspension in 2017.
- Failure to promote Plaintiff to Fire Captain and Fire Battalion Chief.
- Threats of injury by supervisors.
- Plaintiff received discipline, as identified above) which included written reprimand, monetary fine and suspension.
- Plaintiff was assigned to a less desirable work location.
- Plaintiff was subjected to negative performance evaluations.

**Adjudicated Claims**

— While Plaintiff cannot relitigate dismissed claims, (discrimination and FBOR[1]) he may reference his complaints as background evidence of the City's motive to retaliate. He is not precluded from offering evidence that he made complaints to demonstrate the City's motive or intent to retaliate.

**Futile Gesture Doctrine**

— The jury may hear evidence supporting Plaintiff's theory that retaliation by individuals in positions to influence promotions made applying for promotion futile.

---

[1] This issue was addressed by Defendant's Trial Brief and will likely need to be addressed as far as using the FBOR as protected activity under Title VII.

115.94 06486585.000                    5

**Juice Bottle Incident**

— Plaintiff cannot argue the incident itself was retaliatory (the perpetrator is unknown), but may offer general testimony that he complained about it to management, as the City's failure to investigate may bear on retaliatory motive.

**Reserved Rulings**

**"Me Too" and Comparator Evidence**

— The Court reserved ruling, requiring Plaintiff to make a showing outside the jury's presence before introducing such evidence.

The Plaintiff submits the testimony of Carlton Jones

Carlton Jones P. 31:10 through 35:14;  35:15 through 36:23; 36:24 through 37:14

Defendant contends that such testimony is not "comparator evidence" and is instead intended to introduce a 2012 lawsuit that was filed by Carlton Jones that was resolved in the City's favor on all claims, including retaliation, with the exception of race discrimination which was settled by the City and Jones in 2014. The allegation by Jones occurred in approximately 2006.

**Trial Procedures**

Each side is permitted a five-minute mini-opening statement during jury selection.

The Court denied the request for a jury questionnaire, finding it unnecessary given the nature of the case.

Witnesses must be sequestered, and counsel must provide 24-hour notice of witness identity.

**Overall Posture**

The case proceeds to trial on Plaintiff's retaliation claims only, with the jury deciding liability and non-economic damages, and the Court resolving equitable remedies (back pay and front pay) separately.

Dated: March 27, 2026              **WHITNEY THOMPSON JEFFCOACH**

                                    By: /s/ Joseph Rubin
                                        Attorneys for Defendant
                                        City of Fresno

Date: March 25, 2026
                                    **CURD, GALINDO & SMITH, LLP**
                                    By: /s/ Alexis Galindo
                                        Alexis Galindo
                                        Attorneys for Plaintiff
                                        David Phillips-Kerley

//

//

//

115.94 06486585.000                        7

STIPULATION RE: Motions in Limine    (1:18-CV-438-JLT-FJSx)

Upon reading the Stipulation of the parties, and good cause appearing therefore, the matter proceeds to trial in accordance with the aforementioned stipulation.

IT IS SO ORDERED.

Dated:   **March 27, 2026**

_____
UNITED STATES DISTRICT JUDGE

115.94 06486585.000                                              8

STIPULATION RE: Motions in Limine    (1:18-CV-438-JLT-FJSx)